# TAYLOR *v.* TAYLOR.

THE CRUEL treatment which lays the foundation for a divorce must be unmerited and unprovoked, or wholly disproportionate to the provocation.

THE POLICY of the law is to sustain the marriage relation, and courts of equity will not lend their aid to effect its dissolution except upon clear proof of the charge preferred.

APPEAL from Multnomah County.

*A. H. Tanner* and *J. C. Moreland* for respondent.

*John Catlin* and *Northrup & Gilbert,* for appellant.

By the Court, LORD, J.:

This is a suit for a divorce in which the plaintiff obtained a decree in the court below on the ground of cruelty. The evidence in the case is quite voluminous and we have concluded that no useful purpose will be subserved by reviewing it. We have examined it patiently and carefully and the conclusion reached is in conflict with the decree rendered. While it may be conceded that the defendant has not at all times acted toward his wife with consideration, forbearance and affection, yet it must be admitted that she has been quite, if not equally, as remiss, and that much of the ill-treatment of which she complains was provoked by her own conduct. In *Skinner* v. *Skinner,* 5 Wis., 451, the court say: "It is well settled, that the cruelty which lays

a just and legal foundation for a divorce must be unmerited and unprovoked. And when the wife is ill-treated on account of her own misconduct, her remedy is a reform of her own manners, unless the return from the husband is wholly unjustified by the provocation, and quite out of proportion to the offense." (Bishop on Marriage & Divorce, sec. 764.)

In regard to the acts of cruelty complained of, the testimony of the plaintiff is in direct conflict with the defendant and is contradicted by the children in every instance where the acts are alleged to have occurred in their presence. The policy of the law is to uphold and sustain the marriage relation, and courts of equity will not lend their aid to dissolve it unless the proof be clear and satisfactory of the truth of the charge preferred.

As a result, the decree must be reversed and the bill dismissed.