Argued 22 June, decided 6 July, 1903.

**EARLE v. EARLE.**

[72 Pac. 976.]

DIVORCE — MISCONDUCT OF PLAINTIFF AS A DEFENSE — PLEADING.

Misconduct of plaintiff amounting to a cause for divorce is a defense to a suit to dissolve the marriage relation, and it will be considered whenever it appears in evidence whether pleaded or not; this under the general rule that those who come into equity must come with clean hands.

From Coos: JAMES W. HAMILTON, Judge.

Suit by Lou L. Earle against Sylvester Z. Earle for a divorce, resulting in a decree of dismissal, from which plaintiff appeals.                            AFFIRMED.

For appellant there was a brief over the names of *John F.* and *James T. Hall*, with an oral argument by *Mr. John F. Hall*.

For the state there was a brief over the name of *George M. Brown*, District Attorney.

PER CURIAM. This is a suit for a divorce on the ground of desertion. The defendant was served by publication, but did not appear. The state appeared by the district attorney. Plaintiff and defendant were married in July, 1896, while on board a steamship off the coast of Guatemala. A few months later they returned to Marshfield, where they lived together at intervals until March, 1900, when defendant left the state and has never returned. At the trial it was disclosed by the evidence of plaintiff's witnesses that she was then, and for many years prior thereto had been, a prostitute and the keeper of a house of ill-fame in Marshfield. Upon this state of the record, the court

below dismissed the complaint, and properly so. "It is," says Mr. Bishop, "a bar to any suit to dissolve a valid marriage, or to separate the parties from bed and board, that either before or after the complaint of *delictum* transpired the plaintiff himself did what, whether of the like offending or any other, was cause for a divorce of either sort." 2 Bishop, Marriage, Div. & Sep. § 365. This is for the obvious reason that the law forbids redress to the plaintiff who is in equal default with the defendant, and helps those who obey it, and not those who violate it. The plaintiff's conduct since defendant's alleged desertion of her is a cause for divorce, and therefore a defense to this suit. It does not matter that the defendant made default. The state is deemed a party defendant in any suit for the dissolution of a marriage contract (B. & C. Comp. § 995), and when it appeared that plaintiff was a prostitute, and a violator of both the moral and statutory law, the court rightfully refused her relief.          AFFIRMED.

Decided 6 July, 1903.