WILLIAM C. RAPP

v.

ELLA RIDDLE RAPP.

[Filed May 31st, 1904.]

Desertion by a husband, which has existed during the period fixed by the statute as ground for an absolute divorce, appearing by his own testimony, is a bar to ·a divorce against the wife for subsequent adultery, though it is not pleaded in bar.

On bill for divorce on the ground of the defendant's adultery.

*Mr. Matthew Jefferson,* for the complainant.

REED, V. C.

The testimony supports the finding of a master that the defendant, between the months of August and December, 1901, committed adultery with one Albert Searle.

The complainant swears, however, that he left his wife in March, 1897, and has never lived with her since. He assigns as cause for leaving her that she drank and ran around with other men and carried on so that he could not live with her. He seems never to have sought her since he left her.

The facts, so barely stated by him, display a desertion by the husband, a separation from his wife without her consent for no proved cause, *i. e.,* no cause for which he would be entitled to a divorce.

So far as appears, therefore, the defendant, in March, 1889, had been deserted two years, and the adulterous acts proved against her were committed after March, 1899.

That the adultery of a complainant bars him or her from procuring a divorce against a defendant for the same cause is entirely settled. It seems equally clear that complainant's adultery is also a bar against a divorce for defendant's desertion. *Reid*

v. *Reid, 21 N. J. Eq. (6 G. E. Gr.) 331, 333.* The present case presents the converse of this proposition.

I am of the opinion that, as the testimony stands, the complainant is barred from asking for a divorce.

The doctrine of recrimination is discussed by Mr. Bishop in chapter 2, volume 2, of his work on *Marriage and Divorce.* In section 93 he lays down the rule that any conduct for which the law provides the same consequences, whether the conduct be of the same sort or not, will bar a suit for dissolution of marriage. Inasmuch as desertion and adultery are under our statutes each a ground for divorce *a vinculo,* they fall within this rule.

The reason for a bar is sometimes said to be that the complainant is *in pari delicto* and does not come into court with clean hands. In other cases the reason assigned is that it is a logical paradox to grant a divorce to two persons, each being entitled to a decree against the other, and therefore the court will aid neither.

This question was stirred before Chief-Justice Beasley, sitting as master in *Adams v. Adams, 17 N. J. Eq. (2 C. E. Gr.) 324.* It was not necessary for him to decide in that case whether desertion by the complainant was a bar to her right to a divorce because of defendant's adultery, since he found that the desertion had not existed for the statutory period. The view expressed, however, respecting the efficacy of such a recriminatory plea, if proven, was in favor of the defence.

The same question was before Chancellor Zabriskie in the case of *Hedden v. Hedden, 21 N. J. Eq. (6 G. E. Gr.) 61, 76.* The case was decided upon another ground, but the chancellor alluded to the question with the remark that the courts of some states, with statutes like ours, had held that desertion was a sufficient bar to divorce for adultery.

In *Reading v. Reading, Supp. Stew. Dig. 188,* Vice-Chancellor Bird held that to a bill for divorce upon the ground of adultery an answer, setting up cruelty on the part of the complainant, was a good answer. This also seems to have been the view of Chief-Justice Beasley in *Adams v. Adams, supra.*

This view carries the doctrine of recrimination a step further than required in the present case, inasmuch as cruelty is a ground for divorce *a mensa* only. Where the recriminatory act will support the same kind of defence as the act charged in the bill, the weight of authority in this country, as well as reason, is in favor of the validity of the defence.

That a desertion which has existed during the period fixed by the statute as ground for an absolute divorce should be a bar against the deserter asking for a divorce against the deserted party for a subsequent adulterous act seems manifest.

A man who leaves his wife without his protection, subjected to the temptations which assail a deserted wife, has little cause for complaint if she unfortunately yields to the solicitations which her situation invites. The meagreness of the claim which such a man has upon the divorcing branch of the government is depicted by Lord Brougham in the matter of *Simmons Divorce Bill, 12 Cl. & F. 339.*

Admitting, therefore, that desertion would be a bar if pleaded, the question remains, should the court, of its own motion. take notice of a complainant's conduct in an *ex parte* case? The rule is undoubtedly settled that recrimination is a counter charge which must be pleaded with certainty.

Chancellor Zabriskie, in *Jones* v. *Jones, 18 N. J. Eq. (3 C. E. Gr.) 33,* held that the court could not lay hold on any matter not put in issue, and he distinguished between a recriminatory defence and a case where collusion appeared.

This view of the chancellor's is the subject of some suggestive remarks by Mr. Bishop in section 341 of the second volume of his *Marriage and Divorce.* Mr. Bishop doubts the applicability of the rule in all cases where it might appear upon the trial, although not pleaded, that the complainant is guilty of an act which, if pleaded, would debar him from the divorce.

However that may be, it does not affect the present matter, for an exception to the rule, stated by Chancellor Zabriskie, is admitted by him, and the exception is where the complainant, in putting in his case, himself shows his own guilt.

This is what the complainant has done in the present case. The divorce must be refused.