WILBURT EPLEY

*v.*

LUELLA EPLEY.

[Argued February 3d, 1914.   Decided February 5th, 1914.]

1. The rule that a divorce for defendant's adultery will be refused if the petitioner has been guilty of willful, continued and obstinate desertion for two years next before the filing of the petition, would not apply to make petitioner guilty of desertion for failing to take the defendant back after receiving a letter asking him to do so if two years had not elapsed between the receipt of the letter and the beginning of the action.

2. Where a wife had frequently deserted her husband, it cannot be assumed that the husband's failure immediately to become reconciled upon his wife's offer to return after leaving him, was a willful desertion by him.

3. *Rapp* v. *Rapp, 67 N. J. Eq. 236,* distinguished.

On petition for divorce.   On exceptions to master's report.

*Messrs. Scovel & Harding,* for the exceptant.

BACKES, V. C.

The charge of adultery alleged in the petition is established. The defendant deserted the petitioner in 1909 and during the separation she gave premature birth to a child in March of 1913.   The master to whom the cause was referred advised

against a decree of divorce, because it appeared from the testimony of the petitioner that in June of 1912 he received from his wife a letter asking him to take her back, which he failed to do. The master relying upon *Rapp* v. *Rapp, 67 N. J. Eq. 236,* conceived this to be a bar against recovery. The difficulty with this view is that the facts presented do not create a situation to which the doctrine of the *Rapp Case* is applicable. The principle there laid down and illustrated by the authorities therein cited, is, that to bar a right to divorce for the defendant's adultery, because of a previous desertion by the petitioner, the desertion must have been willful, continued and obstinate for a period of two years next before the filing of the petition. The recriminatory act must be of such a character which, if standing alone, would itself afford a ground for divorce. The two years did not elapse between the time of the receipt of the letter and the beginning of this suit.

Furthermore, it appears that the defendant was a chronic deserter, and it is not to be assumed that the husband's failure to become reconciled immediately upon his wife's offer to return, constituted a willful desertion on his part. The termination of the wife's desertion, and the beginning of the husband's would in a large measure depend upon a consideration of her good faith in making the offer. See also *Freeman* v. *Freeman, 82 N. J. Eq. 360.*

The exception is sustained and a divorce will be granted.