Argued on behalf of appellant at Pendleton October 29, affirmed
December 16, 1919, rehearing denied January 13, 1920.

## WAKEFIELD *v.* WAKEFIELD.

(185 Pac. 921.)

**Divorce—Decree Where Both Parties are at Fault.**

1. In divorce action where both parties were equally at fault,
neither is entitled to equitable relief.

From Lake: L. F. CONN, Judge.

In Banc.

This is a suit for a divorce.   The complaint charges
the defendant with acts of cruelty and infidelity.

The defendant, in his answer, denies the allegations
of the complaint and in an affirmative answer also
charges the plaintiff with cruelty and infidelity.

The reply put in issue the averments of the answer.
A large amount of testimony was taken consisting of
over five hundred typewritten pages.   The Circuit
Court found and decreed that both defendant and

plaintiff were. equally at fault, and that neither is entitled to any relief in a court of equity. Defendant appeals.                                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. O. M. Corkins.*

No appearance for respondent.

BEAN, J.—1. It appears from the record that the plaintiff and defendant intermarried on April 10, 1903, and that there are two children, the issue of such marriage, namely, Daisy Wakefield, a daughter of the age of fourteen years, and Orin Wakefield, a son eleven years of age. At the time of their marriage plaintiff and defendant each had a small number of livestock consisting of horses and cattle. They resided at different places in Lake County and accumulated about $12,000 in property. The parties have continually for the past few years had serious marital difficulties. The whole record which is extremely nauseating and clearly shows wrong upon the part of both husband and wife is a shock to decency. We concur in the findings of the trial court that neither of the parties is entitled to equitable relief. A court of equity should not serve as a mere handmaid to regulate or promote the lustful desires and objects of the parties to a divorce suit. We are impelled to refrain from adding any more words than absolutely necessary to this record of matrimonial sadness, infidelity and wrong. A rehearsal of testimony would not benefit the parties or their children or anyone else. It is regrettable to say that it is a matter of judicial record and can be examined should necessity require.

The court allowed the plaintiff the sum of $487, as suit money and defendant *inter alia* assigns this as error. From an examination of the record, taking into consideration the time consumed in the trial of the suit, the number of witnesses appearing on behalf of plaintiff and the financial condition of plaintiff and defendant, we think the amount allowed was reasonable and just.

The decree of the lower court is affirmed.

AFFIRMED.   REHEARING DENIED.