SAMUEL E. YOUNG

*v.*

BETTIE YOUNG.

[Decided November 20th, 1922.]

1. A husband is not entitled to a divorce on the ground of adultery committed by his wife after she has become entitled to a divorce from him on the ground of his desertion.

2. In a divorce action recrimination is generally considered as a defence which must be pleaded to be considered by the court, but such rule does not apply where the petitioner in putting in his case shows his own guilt, in which event the court may deny the relief prayed for although recrimination is not pleaded.

3. A husband's desertion may be willful, continued and obstinate for a period of more than two years, notwithstanding the fact that he contributed to the wife's support after deserting her, and she accepted such contributions.

On appeal from a decree in chancery.

*Mr. Patrick H. Harding,* for the appellant.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

Samuel E. Young, the appellant, filed his petition in the court of chancery, praying a divorce from his wife, the defendant, upon the ground that "during the years 1919

and 1920, and up to and including the 24th day of August, 1920, she committed adultery with one Curtis Allen at Detroit, in the State of Michigan." No defence was interposed by the wife and the case was heard *ex parte* upon the petition and proofs. The evidence disclosed that the petitioner and his wife were married in April, 1910, and that they lived together thereafter in' apparent harmony until October, 1917. The petitioner testified that in that month

"I left my wife for the reason that she was not doing right by me. We had a quarrel over the fact that I was taken ill from eating meat which she cooked. I have not lived with my wife any time since October, 1917, and have had no sexual relations with her since that time."

He further testified that, although he had left his wife and had never returned to her, he continued to support her until March, 1920.

To sustain the charge of adultery laid against the wife in the petition, testimony was taken which justified the conclusion that she was living with the co-respondent, Allen, as his wife, in the city of Detroit, as early as August, 1920, and that she continued to live with him thereafter until August, 1921. No attempt was made to support the averment that she had committed adultery at any time during the year 1919.

It is evident from the testimony of the petitioner himself that in October, 1917, he deserted his wife without justifiable cause; for it never has been suggested, so far as I know, that dissatisfaction upon the part of the husband with his wife's cooking justifies him in permanently deserting her,. even if on one occasion he is made ill from eating food she has prepared. His own testimony also shows not only that he deserted his wife without justifiable cause, but that the desertion was willful, continued and obstinate for a period of more than two years before the commission of the matrimonial offence by the wife which was charged and proved against her. The question presented for solution, therefore, is whether a husband, whose wife is entitled to an absolute divorce from

him, can succeed in obtaining a divorce from her for a matrimonial offence committed by her after her right to a divorce from him has matured and become fixed.

It was held by the court of chancery, in the case of *Rapp* v. *Rapp, 67 N. J. Eq. 236,* that desertion by a husband which has existed during the period fixed by the statute as ground for an absolute divorce is a bar to a divorce against the wife for subsequent adultery; and the authorities cited in the opinion fully support the proposition laid down.

As a general rule, however, it is considered that recrimination is a defence which must be pleaded in order to justify the court in considering it; and that, in the absence of an answer setting it up, the court will not permit the defendant to prove it in bar of the petitioner's action. *Jones* v. *Jones, 18 N. J. Eq. 33.* But this rule is not universal in its application. One of the exceptions to it is that the relief prayed for by the petitioner will not be granted, notwithstanding that recrimination is not set up as a defence, if he, in putting in his case, shows his own guilt. *Jones* v. *Jones, supra; Rapp* v. *Rapp, supra.* And for this reason a divorce was refused in the latter case. The ground for this exception generally given is that when the complainant himself shows that he is *in pari delicto* and does not come into court with clean hands, a court of justice will not grant him the relief to which he would otherwise be entitled. The cases cited by Vice-Chancellor Reed in the *Rapp Case* entirely justify the rule there laid down; and it seems to us to be sound in reason as well.

It is suggested that the fact of the husband's contributing to the wife's support after he had left her, and for more than two years thereafter, and the wife's acceptance of such support, negative the idea that his desertion was willful, continued and obstinate within the meaning of the statute. But our cases are to the contrary. It was held by this court in *Power* v. *Power, 66 N. J. Eq. 320,* that a husband may be guilty of the matrimonial offence of desertion, notwithstanding the fact of such contribution after separating himself

from his wife without lawful excuse. And this doctrine was reaffirmed by us in the late case of *Whittle, Trustee,* v. *Schlemm, 94 N. J. Law 112,* in an opinion delivered by the present chancellor.

The refusal by the advisory master to advise a decree in favor of the petitioner in the present case was based upon the doctrine herein exploited, and, for the reasons given, the decree appealed from should be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—13.

*For reversal*—BLACK—1.