This is a petition by the wife against the husband for divorce on the ground of desertion.
They were married October 19th, 1901. The husband left the home on April 13th, 1922, and since that time has remained away. The answer admits the leaving, but says the husband was forced to leave by the wife, who told him to get out, which direction he obeyed. *Page 164 
The wife was a dressmaker and was industrious and prosperous in her business. The husband, apparently, was an idler and would do little or nothing to support his family Mrs. Cowan, with the proceeds of her business, purchased several pieces of real estate, and, according to the testimony, offered to put them in the joint names of herself and her husband, and actually did put one piece of property in their joint names. Finally, his irresponsibility forced her to form a real estate corporation, to which the properties were conveyed. A suit in chancery then originated, whereupon the wife paid the husband $10,750, and he signed certain releases, to which she consented.
The first question to decide is whether the desertion was on his part or, constructively, on hers. Several witnesses were called to corroborate the statements of Mrs. Cowan. Clara Sanders says that the husband was constantly complaining of her method of running the house, and that she did everything possible to satisfy him. The son, Bernard Cowan, corroborates his father's final leaving, and also testifies that the father told him that he did not care to return to his wife, because "I like it better this way."
In the course of time the daughter, Estelle, died, and the father came to the house but declined to have anything whatever to do with his wife, although he stayed in the house several days. This also is corroborated.
There is some testimony as to cruelty on the part of Mr. Cowan, as to his striking her, throwing crockery on the floor, c.
I am satisfied, after considering the testimony of both sides, that the husband left the house and actually deserted the wife.
The remaining question to be considered is whether or not the release signed at the time of the settlement as to the property was an agreement by the wife to live separate and apart from her husband, thereby an acquiescence on her part. Without reciting the release in full, it is sufficient to say that it deals almost entirely with the real estate owned by the wife and by the husband and wife jointly. One clause *Page 165 
is that "in consideration of my wife, Fanny Cowan, releasing me from the support and maintenance of her, I do quit-claim any and all right of curtesy, c., in the real estate."
The defendant's counsel does not say that this is an absolute agreement to live apart, but it is an implied agreement. I cannot agree with him as to this.
The case of Power v. Power, 66 N.J. Eq. 320, was one as to the effect of an agreement, which in express terms provides for the separate living of the parties. The court of errors and appeals said: "The effect upon this desertion produced by the agreement * * * requires * * * consideration. It is certain that the agreement did not give to either spouse, as against the other, the right to continue the separation. Notwithstanding it, each was entitled to demand of the other a resumption of marital relations."
This case is followed in Hollingshead v. Hollingshead,91 N.J. Eq. 261, and in Young v. Young, 94 N.J. Eq. 155.
These cases hold, in substance, that circumstances under which the agreements were executed should be taken into consideration in order that the court may determine whether or not such agreement creates a consent by the one spouse or the other as to the other's desertion.
I am of the opinion that the agreement and release in evidence in this case were intended to relate to the disposition of the real estate only, and, having found as a matter of fact that the husband deserted the wife, I also find that the agreement in question is not a consent on her part to his desertion.
I shall therefore advise a decree of divorce in favor of the petitioner. *Page 166