ISAAC TITUS, petitioner,

*v.*

IDA TITUS, defendant.

[Decided February 13th, 1925.]

**Divorce—Adultery—Claim That Husband Had Not Lived With Wife During Time of Conception of Child—Defense That Charges are Not Proven Sustained—Desertion on Part of Husband Shown.**

On final hearing.

*Mr. J. Milton Preger,* for the petitioner.

*Mr. Douglas M. Hicks,* for the defendant.

BUCHANAN, V. C.

Petitioner seeks divorce, alleging adultery. The proof is by testimony to the effect that he never lived with nor had intercourse with his wife after marriage, and that she had a child about a year and a half after the marriage.

Defendant objects that petitioner is not a competent witness to testify to non-access, citing *Palmer* v. *Palmer, 79 N. J. Eq. 496.*

However, even if it be assumed that petitioner is competent in this behalf, he has not sustained the burden of proof nor overcome the strong presumption in favor of the legitimacy of the child. His testimony that he had never been with his wife, or at her home, since the marriage, was contradicted by a number of witnesses, at least two of whom were not discredited nor shown to have any interest in the outcome of the case. His two brothers testified that he lived with them and had spent every night with them since the

marriage, except for six weeks shortly after the marriage, is not sufficient, for they admit he did not come in at night till eleven or twelve o'clock, and, moreover, their credibility is impaired by petitioner's own admissions, that there were two other short periods when he was away from their house.

Moreover, petitioner, by his own showing, has himself been guilty of desertion—willful, obstinate and continuous, for over two years. He says he never lived with her and never supported her, and her letters to him, introduced by him, to contradict her testimony, show that it was against her consent. It is upon his own allegations and proofs in this very behalf that his proof of alleged adultery is substantially rested. This, in itself, is sufficient to disentitle him to decree.

The petition will be dismissed.