Argued January 25, affirmed March 19, 1929.

FREDERICK ARNOLD THOMSEN *v.* KATHERINE W. THOMSEN.

(275 Pac. 673.)

For appellant there was a brief over the name of *Messrs. Winter & Maguire* with an oral argument by *Mr. Robert Maguire.*

For respondent there was a brief and oral argument by *Mr. Elisha A. Baker.*

ROSSMAN, J.—We are satisfied that the defendant's charge of desertion is well established; the plaintiff's accusation of adultery is apparently supported by substantial evidence. It may be well, therefore, at this point to determine what results follow if we should conclude that both charges are true.

In *Carmichael* v. *Carmichael,* 106 Or. 198 (211 Pac. 916), this court said: "The doctrine of recrimination is an application of the wholesome maxim in equity

that he who comes into equity must come with clean hands." And in *Hawley* v. *Hawley*, 101 Or. 649 (199 Pac. 589), we said: "Divorce is a remedy for the innocent against the guilty, and not a relief for wrong against wrong." In various others of our decisions general statements may be found to the effect that divorces are not granted by weighing the evidence and decreeing in favor of the party least guilty, but that it is generally enough to warrant a dismissal when it is found that each spouse has violated the marriage vow; two late cases are *Billion* v. *Billion*, 124 Or. 415 (263 Pac. 397); *Hill* v. *Hill*, 124 Or. 364 (264 Pac. 447). But, this is the first instance in which we are asked to deny a decree sought on a charge of adultery, because the plaintiff had deserted his wife for the statutory period. While many believe that an act of adultery is a graver infraction of the moral code than one of desertion, yet the latter is as efficacious a ground for the dissolution of the marriage contract under the statutes of this state as the former: Or. Laws 1920, § 507. Although we have never passed upon the precise point now before us, nevertheless previous decisions in our reports employed principles of equity jurisprudence which would seem to be applicable to our present problem. For instance in *Earle* v. *Earle*, 43 Or. 293 (72 Pac. 976), the plaintiff sought a decree of divorce upon a charge of desertion, but was denied relief when the evidence indicated that she had committed acts of adultery; in so holding the court quoted from 2 Bishop, Marriage, Div. & Sep., section 365:

"It is a bar to any suit to dissolve a valid marriage, or to separate the parties from bed and board, that either before or after the complaint of *delictum*

transpired the plaintiff himself did what, whether of the like offending or any other, was cause for a divorce of either sort."

This court then added:

"This is for the obvious reason that the law forbids redress to the plaintiff who is in equal default with the defendant, and helps those who obey it, and not those who violate it."

When the court employed the words "equal default," obviously it was not referring to infractions of the moral code of equal gravity but had reference to the statutory law. In *Hengen* v. *Hengen,* 85 Or. 155 (166 Pac. 525), the complaint, filed by the husband, alleged two counts: one adultery, the other cruel and inhuman treatment. The defense consisted of a denial of these charges and counter charges of (1) adultery, (2) cruel and inhuman treatment and (3) desertion. The decision, written by Mr. Justice BURNETT, reviewed the evidence sufficiently to indicate that the plaintiff had treated his wife cruelly. Here the review of the evidence stopped while the decision determined the effect of such dereliction upon the application for a divorce; the effect was thus stated:

" * * On the principle that one who comes into a court of equity for relief must come with clean hands the following precedents may be read with profit in this connection: *Taylor* v. *Taylor,* 11 Or. 303 (8 Pac. 354); *Adams* v. *Adams,* 12 Or. 176 (6 Pac. 677); * * We do not attempt to justify the conduct of the defendant in her relations with her husband. She stoutly denies the charge of adultery against her. We do not find it necessary to further investigate that charge. Out of his own mouth the plaintiff states enough to show that he was a willing participant in their numerous quarrels and that he resorted

to personal violence against the defendant at least twice. Whether he shoved her or struck her, it is practically without dispute that he inflicted severe injury upon her. The court will not differentiate between the terms used to designate his brutality or decide whether he struck or shoved her. It is enough to say that he is proved to be much in fault and that he does not come into chancery with that clear record which alone entitles him to relief."

See, also, *Wakefield* v. *Wakefield,* 94 Or. 605 (185 Pac. 921).

In *Jenkins* v. *Jenkins,* 103 Or. 208 (204 Pac. 165), the plaintiff's complaint alleged adultery as the basis of his suit; the answer denied the charge, and by way of cross-complaint averred habitual drunkenness, and also cruel and inhuman treatment. Here again the charges were not of the same character, but this court held that the testimony showing the husband's cruelty could be used "in determining whether he comes into a court of equity with clean hands." In *Carmichael* v. *Carmichael,* 106 Or. 198 (211 Pac. 916), the plaintiff husband sought a divorce on a charge of impotency; the answer denied the charge and by way of a plea in bar plead cruel and inhuman treatment. This court in holding that the demurrer to this plea was properly overruled pointed out:

" * * divorce is a remedy for the innocent and injured party only, and that it will not be allowed where it appears that the complainant, although otherwise entitled to a decree, has been guilty of acts that constitute a cause for divorce, is a principle taught by the decisions in this jurisdiction, as well as by court decisions elsewhere; and, in this circumstance, such misconduct on the part of the plaintiff may be set up by defendant in recrimination."

A further reason for rejecting the applicant who is *in pari delicto* with his guilty spouse "is that it is a logical paradox to grant a divorce to two persons, each being entitled to a decree against the other." *Rapp* v. *Rapp,* 67 N. J. Eq. 236 (58 Atl. 167). The result of a review of the authorities of the various jurisdictions is thus stated:

"In some jurisdictions, either by force of precedent, or by statute, an offense committed by plaintiff in order to be effectual as a plea in recrimination must be of the same character as that relied on by him as a ground for divorce. The general rule, however, is that the offense pleaded in recrimination need not be of the same nature as the offense which defendant has committed, but any misconduct on the part of the complainant which constitutes ground for divorce bars his suit without reference to the nature of the offense of which he complains. 19 C. J., Divorce, § 222, p. 95. To the same effect, 9 R. C. L., Divorce and Sep., § 181, p. 388; Keezer, Marriage and Div. (2 ed.) § 427, and Schouled, Marriage, Divorce, etc. (6 ed.) § 1724. Thus our precedents without exception ally themselves with the trend of authority."

It would seem to follow as a necessary consequence that where the one seeks a divorce upon the charge of adultery the other may plead in bar desertion. Such is the general holding: *Young* v. *Young,* 94 N. J. Eq. 165 (119 Atl. 92, 25 A. L. R. 1049), comprehensive footnote; note to *Green* v. *Green,* Ann. Cas. 1917A, 178; 19 C. J., Divorce, § 222, p. 95; 9 R. C. L., Divorce and Separation, § 182, p. 389; two late cases are *Titus* v. *Titus,* 3 N. J. Misc. 241 (128 Atl. 236), *Rankin* v. *Rankin* (N. J. Eq.), 121 Atl. 778. There are minority cases which hold that a plea of desertion is ineffective to defeat a suit for a divorce sought on a charge of adultery; citations to these

cases may be found in the texts, notes and authorities above mentioned. These minority holdings are principally confined to jurisdictions where the statutes vest a discretion in the court to grant either absolute or limited divorces, or do not place desertion and adultery upon an equal footing in respect to grounds for divorce by providing that desertion warrants merely a divorce *a mensa et thoro,* whereas adultery authorizes an absolute divorce. Some cases are classified with the minority where the facts were that the desertion had not continued for the statutory period at the time of the act of adultery. None of these various considerations are present in the situation before us.

1. Having in mind the fact that the plaintiff had deserted the defendant for more than one year before the alleged act of adultery occurred, we conclude that under the statutes and practice of this state the defendant's plea of desertion, when sustained by proof, operated as a bar to relief for the husband upon his charge of adultery.

We do not believe that the defendant, if guilty of adultery, is deserving of much more censure than the plaintiff. Upon their marriage the plaintiff brought his bride from her home in Philadelphia to a farm in Oregon; here, among strangers, she was compelled to find an abode in the home of the plaintiff's parents and family; being unable to endure the many unpleasantries which soon developed from this ill-chosen domestic establishment, she returned to Philadelphia a few months after her arrival in Oregon, where the child of plaintiff and defendant was born. All of this is developed at greater length in *Thomsen* v. *Thomsen,* 118 Or. 814 (223 Pac. 832, 245 Pac. 502, 247

Pac. 808), the previous occasion when these parties were before this court. Up to the time when that suit was instituted the plaintiff occasionally remitted to the defendant small sums of money; since that time he has contented himself with intermittent purchases of clothing for his child. After remaining in Philadelphia for about two years the defendant returned to the Hood River Valley and took up a residence a short distance from the plaintiff. Here she was treated with chilly aloofness by the plaintiff, and especially by his family. These being the circumstances we agree with the observations of the New Jersey court: "A man who leaves his wife without his protection, subjected to the temptations which assail a deserted wife, has little cause for complaint if she unfortunately yields to the solicitation which her situation invites": *Rapp* v. *Rapp,* 67 N. J. Eq. 236 (58 Atl. 167).

2–4. So far we have proceeded upon the hypothesis that the proof sustained both accusations. We shall now consider the defendant's charge against the plaintiff. From the conclusions expressed in *Thomsen* v. *Thomsen, supra,* it is clear that the plaintiff never provided a home for his wife, and that his unsatisfactory offer of one was prompted largely by a desire to prepare himself for a divorce suit. The evidence discloses that when the defendant bid her husband good-bye at the railroad station at Hood River, and returned to her parents' home, the old adage that absence makes the heart grow fonder found an exception in the plaintiff so far as his affection for his wife was concerned. His letters soon became quite formal, then he adopted the plan of preparing copies of them, evidently he was already look-

ing ahead to the divorce court; still later he sent as his epistles an occasional blank sheet of paper; next we find his letters bearing the highly dignified complimentary close "Respectfully your husband, Fred A. Thomsen," and finally came the complaint and summons in his first suit for a divorce. Before this court had reached that suit he instituted the present one. While it is true that a cause of suit for desertion cannot be created out of the time consumed by one spouse in suing the other for a divorce, Schouler Divorce, Separation, etc. (6 ed.), § 1620, *Dillion* v. *Dillion, supra,* yet we are satisfied that a sufficient period of time elapsed to constitute desertion, disregarding the time consumed by the litigation; and we are further satisfied, that it was the plaintiff and not the defendant who was the deserter. It is the husband's duty to furnish a home, wherein the wife is free from ill treatment and unwarranted interference from members of other households. When such a home is not provided, the wife is justified in leaving, and in so doing is not guilty of desertion, but may charge the husband with constructive desertion: Schouler Divorce, Separation, etc. (6 ed.), § 1644; Keezer, Marriage & Div. (2 ed.), § 334; 9 R. C. L., Div. & Sep., § 152; *Sisemore* v. *Sisemore,* 17 Or. 542 (21 Pac. 820). The findings of the trial court were in favor of the defendant upon this issue; we are entirely satisfied therewith.

Having made this disposition of the defendant's charge against the plaintiff, we deem it unnecessary to investigate the plaintiff's crimination of adultery against the defendant. A child was born as the result of the act of copulation, which the plaintiff declares was committed with a paramour, but which the

defendant says took place with the plaintiff under false assurances of a resumption of their conjugal relations. If the plaintiff's version is true, his desertion was not interrupted by this act of intercourse, and he cannot succeed in this suit under the authorities previously cited; if the defendant's testimony is true, the plaintiff is the father of this child, and his charge of adultery is not sustained. The defendant has not appealed; her conduct in the vicinity of the time of conception and in the days following the birth of the child, the fact that she referred at times to her alleged paramour as her husband, and at other times to him as the child's father, would render it impossible for us to grant her relief if she had appealed. Under these circumstances we adopt the Circuit Court's decree which dismissed both the complaint and the cross-complaint.

5, 6. The defendant, by appropriate procedure, has moved for an allowance of attorneys' fees for appearing in this court. Under the authority of *O'Brien* v. *O'Brien,* 36 Or. 92 (57 Pac. 374, 58 Pac. 892), *Hengen* v. *Hengen, supra,* and *White* v. *White,* 100 Or. 388 (190 Pac. 969, 197 Pac. 1080), we are able to grant such additional relief as may be consistent with the demands of justice. We believe that the sum of $500.00 is proper. The defendant may procure an order to that effect.

The decree of the Circuit Court is affirmed. Defendant may have her costs and disbursements in this court. AFFIRMED.

BELT, BEAN, and RAND, JJ., concur.