After hearing, the defendant was found guilty of extreme cruelty and a decree of divorce was ordered. Before the decree was entered the petitioner and a former sweetheart guiltily went through a form of marriage ceremony in New York. *Page 606 
The husband thereupon, by petition, set up the second marriage and charged adultery. The wife and her sweetheart are young Italians and look upon their venture as a binding covenant to be consummated upon the divorce becoming absolute. The proof is that the marriage was not followed by sexual intercourse. After the ceremony they returned to their respective homes where they have since lived with their parents and kept their romance secret until, as they say, the "cops" came around, when they told the girl's mother. They account for their unwise and impulsive step as a means of thwarting the mother's opposition to the match.
The petitioner is guilty of bigamy, a grave offense, against the public of the State of New York, but she has not violated her marriage contract, yet undissolved, or wronged her husband of which he can complain. Bigamy or any other criminal act short of one the ground for divorce is not a subject of recrimination. If the petitioner had committed murder or robbery or any other heinous crime, surely it could not be heard to bar her of divorce. A right to a divorce cannot be defeated by recrimination unless the petitioner be guilty of a matrimonial offense which would entitle the defendant to a decree were he not guilty.Bish. Div. § 92; Adams v. Adams, 17 N.J. Eq. 324; Rapp v.Rapp, 67 N.J. Eq. 236; Rogers v. Rogers, 81 N.J. Eq. 479;Epley v. Epley, 83 N.J. Eq. 214; Young v. Young, 94 N.J. Eq. 155.
A decree nisi will be entered. *Page 607