ALBERTO NÚÑEZ, Plaintiff and Appellant, *v.* JOSEFA LÓPEZ, Defendant and Appellee.

No. 8652. Argued June 18, 1943.—Decided November 8, 1943.

544

■■■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■

*Diego O. Marrero* for appellant. *Géigel & Silva* for appellee.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

It was alleged by Alberto Núñez, in the complaint filed herein, that on March 2, 1914, he married the defendant in the city of San Juan; that about March 1934, the plaintiff and the defendant separated; that ever since that time they have been living apart without cohabiting together at all, and that neither of them has been absent from this Island during the year next preceding the filing of the complaint.

The defendant answered, admitting all the facts alleged save those referring to the separation of the spouses which she specifically denied.

On October 13, 1942, the case was tried. The plaintiff took the stand and in support of his complaint testified, in substance, as follows:

That for more than eight years he has not been living with his wife; that his separation from her began in February 1934, when he left his home in Barrio Obrero of San Juan and went to live in the hotel Guayama where he stayed until October 1936, when he established his home in Arecibo; that during that time he went on traveling through several towns in the Island as a commission agent selling Lucky Strike cigarettes and that on his returns to San Juan he always used to sleep in the hotel Guayama until leaving again for the Island; that he moved to Arecibo to take up a position under Manuel Oliver, until 1937, when he started to work for the Portela firm, where he has been working until now; that he established his home in Arecibo since October 1936; that in 1940 he went to live in a house in the Buenos Aires barrio of Arecibo, where he now resides; that during all that time he has not lived with his wife who continued living in San Juan at the same place where she lived when they separated.

On cross-examination by counsel for the defendant, the plaintiff testified that when he went to live in Arecibo he took a house and furnished it, living there for a long time, alone, until the family of Encarnación Lugo went to live with him, to whom he had let part of the house; that afterwards he moved to another and the family of Encarnación Lugo moved also with him. He further testified that Encarnación is unmarried and is the mother of three daughters and one son; that a daughter named Rosa María also lives with her; that Rosa María is the mother of two children. To the question, on cross-examination, whether he knew the father of those two children, counsel for the plaintiff objected, stating that no action of filiation was involved but a suit for divorce upon the ground of separation for more than seven years. The court ordered the witness to answer the question, his attorney took an exception, and the following colloquy then took place:

"Judge: Q. Please answer.
A. I know him.
Q. Who is the father? .
A. Myself.
Q. Are you living with the daughter of Encarnación?
A. Yes, sir.
Q. And two children have been born while living together?
A. Yes, sir.
Q. How old is the eldest?
A. The eldest became four years old last month, and the youngest three years."

After a recess the lower court made the following statement:

"The court is of the opinion that after your testimony it is not worth while to continue trying this case and the proper thing to do is to dismiss the complaint. Our Supreme Court in *Fernández* v. *Hernández*, 8 P.R.R. 229, said many years ago: 'A spouse who resorts to so important a remedy as that of divorce, sundering the marriage bond and destroying a home born of mutual love, in which there now are innocent children, should be free from all fault, a real victim

who had exhausted all friendly means to arrest the, evil at its inception.' It is the duty of a court, of its own motion, to dismiss a suit for divorce where it appears from the evidence, although the same has not been pleaded as a defense, that the plaintiff has committed recriminatory acts, since a divorce is a remedy for the benefit of the innocent spouse against the guilty one, and if both are guilty, the divorce must not be granted. The doctrine of recrimination rests on the well-known equity maxim that: 'He who comes into equity must come with clean hands.' 9 R.C.L. 392, par. 185; 19 C.J. 93, par. 219.

''As a general rule the defense of recrimination is a defense that must be pleaded, but this rule is not applicable where from the plaintiff's own evidence his guilt appears, the exception to such rule being where the plaintiff himself reveals to the court that he is in *pari delicto* and fails to come to court with clean hands, in which case the relief sought must be denied. *Conant* v. *Conant,* 10 Cal. 249; *Rapp* v. *Rapp.* 58 Atl. 167; ·*Jones* v. *Jones,* 90 Am. Dec. 607; *Young* v. *Young,* 119 Atl. 92; *Kennerley* v. *Kennerley,* 29 P.R.R. 723; *Redington* v. *Redington,* 2 Colo. App. 8, 29 P. 811 and also the case of *Chávez* v. *Chávez,* 50 P. (2d) 264.''

Whereupon the court rendered judgment dismissing the complaint and adjudging the plaintiff to pay the costs besides the sum of $50 as attorney's fees.

 In the present appeal, brought by the plaintiff, seven errors are assigned. We are not going to discuss them separately because actually the only question involved is whether in a suit for divorce based on the separation of the spouses during the statutory period, the doctrine of recrimination can be invoked for acts committed by the plaintiff subsequent to and during the period of separation.

In the case at bar, as we have seen, the doctrine of recrimination was invoked by the court, *sua sponte,* without the defendant making any plea to that effect.

By Act No. 46 approved on May 11, 1933, the Insular Legislature amended §96 of the Civil Code (1930 ed.) so as to add to those already existing a new ground for divorce, to wit:

"9. The separation of both spouses for an uninterrupted period of time of more than seven (7) years; *Provided,* That when the separation for the said period of more than seven (7) years is satisfactorily proved, the woman, when the judgment is rendered, shall always be considered as the innocent spouse, with all the rights inherent in such condition following divorce."

The above Section was again amended by Act No. 62 of April 29, 1942, in the sense of reducing to three years the period of separation that may give rise to divorce.

The construction and scope of the above legal provision were considered for the first time by this court in *Pérez* v. *León,* 52 P.R.R. 496, 505, in which we held:

"In 1933 our Legislature wisely judged that those marriages where the spouses should have been separated for over seven consecutive years should be able to be dissolved by courts of justice by a divorce decree, without the necessity of investigating which of the spouses should have been the guilty one, with the condition that the wife should always be considered the innocent party with all the rights appurtenant to that condition as a result of the divorce."

Construing a statute very similar to ours, the Supreme Court of Louisiana in *Hava* v. *Chavigny,* 143 La. 365, said:

"In his reasons for sustaining the exception of no cause of action, the judge says that there is no allegation in the petition that plaintiff was without fault, and that he has performed, or been ready to perform, his duties under the marriage contract. But this allegation is not mentioned in Act No. 269. The act imposes no other conditions with respect to its enforcement than that the parties shall 'have been living separate and apart for a period of seven years or more.' The allegation that he was without fault was therefore unnecessary to support the cause of action in this case."

In *North* v. *North,* 164 La. 293, the same court held:

"The act under which this suit is brought introduced a new and independent cause for divorce in this state, and that act does not take into consideration the question of what cause produced the separation or on whose fault the separation was brought about. The only requirement of the statute as a condition precedent to granting the divorce is that the parties have actually and in fact lived separate

and apart and in different domiciles for a period of seven years complete, during which period one of the parties at least has continued to reside in this state.''

In *Brooks* v. *Brooks,* 143 S. W. (2d) 1098, the Supreme Court of Arkansas, construing a statute similar to ours, held that where it appears from the evidence that the husband and the wife have lived apart and without cohabitation for more than three consecutive years, the husband is entitled to a decree of divorce sought by him, even though the wife has been compelled to involuntarily leave him, through coercion or force. It was further held that where the conditions established by the statute have been complied with, it is mandatory for the court to render a decree of divorce on motion of either spouse.

We have carefully considered all the cases cited by the court below, and although we agree with the doctrine of recrimination upheld therein, we hold that the same are not applicable to the case at bar. In most of said cases the complaint of divorce involved is one where the plaintiff charges the defendant with the commission of one of the acts recognized by the statute as sufficient ground for a decree of divorce; and the defendant in answering the complaint has charged the plaintiff with the commission in his turn of an act which under the statute would entitle the defendant to sue for divorce in her favor. According to the doctrine of recrimination it was held in *Rapp* v. *Rapp,* 58 Atl. 167, and in *Young* v. *Young,* 119 Atl. 92, that where the husband has deserted the wife for a period of time sufficient to entitle her to sue for divorce on the ground of desertion, such desertion may be pleaded by her as a valid defense and sufficient as against the complaint of divorce filed by the husband for adultery committed by her subsequent to the expiration of the period established by the statute in order to be able to sue for divorce on the ground of desertion. In *Gray* v. *Gray,* 287 N. W. 708, where a decree of divorce was

sought on the ground of desertion, it was held that the adultery committed by the plaintiff during the period of the desertion could be pleaded as recrimination against him.

In *Kennerley* v. *Kennerley*, 29 P.R.R. 723, this court reversed a judgment whereby a decree of divorce was granted to the complaining husband and held that the assault and battery by the husband on the person of the wife and the intimacy of the former with another woman, constitute the defense of recrimination for cruel treatment which invalidates the action for divorce on the ground of cruel treatment instituted by the husband.

The defense of recrimination rests on the principle that "divorce is a remedy for the relief of an injured spouse who has not been the voluntary, procuring cause of the acts relied upon to invoke it." *Boeck* v. *Boeck* (Idaho), 161 Pac. 576. Schouler, Marriage & Divorce, etc., par. 1724.

In divorce cases, like the present one, based on the separation of the spouses, uninterruptedly, for the statutory time, the plaintiff does not charge the defendant with the commission of any act which if proven entitles the plaintiff to a decree in his favor. The separation which entitles a party to a divorce is not, like desertion, adultery, or cruel treatment, the personal, individual, and exclusive act of one of the spouses. The statute assumes that the parties have lived apart as the result of the mutual purpose to do so. *Messick* v. *Messick*, 177 Ky. 337, 197 S. W. 792.

The purpose and intention of the legislator when enacting the statute under consideration appear from the clear and definite language in which it is drafted. It having been shown to the satisfaction of the court that the spouses have been living apart for more than seven years—or for more than three years under the last amendment—it is the duty of the court to decree the divorce. That the legislator has meant that in cases of divorce on the ground of separation

no inquiry should be made as to which of the spouses has been the party guilty of the separation, is clearly shown by the provision that "the woman, when the judgment is rendered, shall always be considered as the innocent spouse."

As it is the legislative intent that in cases of a nature like the present one no inquiry should be made as to which of the spouses is the guilty one for the separation, the lower court erred in compelling the plaintiff, over his objection made by his attorney, to testify as to the paternity of the children of Rosa María Lugo, and it likewise erred in dismissing the suit.

The plaintiff not having been permitted to submit the whole of his evidence nor the defendant given an opportunity to submit hers, the proper thing for us to do is to reverse the judgment appealed from and to remand the case to the court of origin for further proceedings not inconsistent with this opinion.

Mr. Justice Snyder did not participate herein.