IRMA E. PARIS *v.* ALBERT K. PARIS

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 83778

Memorandum filed July 27, 1953.

*Henry B. Anderson,* of New Milford, for the Plaintiff.

Memorandum of decision in action for divorce.

QUINLAN, J. This complaint for divorce fixes January, 1947, as the date of desertion. The hearing was had at Danbury. There came to my attention the pendency of a suit by the plaintiff returnable in February, 1952, for breach of promise of marriage, and that as a consequence of the plaintiff's relations with defendant in that case she became pregnant. These facts were confirmed at a hearing at Bridgeport.

The plaintiff now claims that adultery after desertion is not a recriminatory bar. This does not seem to be the general rule. "This is for the obvious reason that the law forbids redress to the plaintiff who is in equal default with the defendant, and helps those who obey it, and not those who violate it. . . . It does not matter that the defendant made default." *Earle* v. *Earle,* 43 Ore. 293. The State has an interest in every action where a divorce is sought "to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case." *Allen* v. *Allen,* 73 Conn. 54, 55; *Dennis* v. *Dennis,* 68 Conn. 186, 196. It is to the interest of the state that all questionable features of a suit for divorce should be fully investigated. *Dennis* v. *Dennis,* supra. Whatever may be the ethical considerations, and the gravity of the offenses laid (defendant's desertion and plaintiff's adultery) in a moral point of view, they are of no value, in the eyes of the law. *Shackett* v. *Shackett,* 49 Vt. 195.

The fact that he had given her cause of divorce from him for desertion does not prevent her subsequent adultery from being such a violation of her marital duties as would preclude her from taking advantage of his wrong. *Whippen* v. *Whippen,* 147 Mass. 294.

The plaintiff is not in court with clean hands and the complaint is dismissed.