CLARA A. ANDRE *v.* JULIUS F. ANDRE

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 95221-J

Memorandum filed October 21, 1953.

*V. P. McPadden,* of Manchester, for the Plaintiff.

*Jay E. Rubinow* and *E. T. Kelly,* both of Manchester, for the Defendant.

HOUSE, J.  In this action it appears from the complaint and the evidence at the hearing on these motions that the plaintiff and defendant married in Connecticut in 1928 and remained here until 1950, when the plaintiff removed to Nevada "with the sole intent of acquiring colorable residence in said state for the purposes of divorce."  A divorce decree was granted to the plaintiff by the Nevada court in October, 1950.  Subsequently the plaintiff and defendant "mutually agreed not to recognize the said Nevada decree" as valid and binding on them, returned to Connecticut and resumed cohabitation.  In this action the plaintiff now seeks a divorce from the defendant on the grounds of intolerable cruelty, alleged to have continued from February, 1951, to the date of the writ, a judgment declaring the Nevada decree invalid, alimony, custody of minor children, and an allowance of counsel fees.

The question for immediate determination is a narrow one—whether under these circumstances the plaintiff is entitled to alimony pendente lite and an allowance for counsel fees, assuming that the requisite conditions of such allowances are otherwise met.

The Connecticut cases which have passed upon matters of alimony and allowances have been exhaustively examined and analyzed in the September issue of the Connecticut Bar Journal. Gordon, "Alimony and Allowances," 27 Conn. B. J. 282. "The basis of the allowance [of counsel fees] is that [a wife] should not be deprived of her rights because she lacks funds which might be supplied from property in which as a wife she has a real interest but which is usually within the control of the husband." *Steinmann* v. *Steinmann,* 121 Conn. 498, 505. "The rationale of support *pendente lite* is to provide to the wife a means of livelihood while she is living apart from the husband pending solution of the question as to her right to separate maintenance, such payments being 'a fund for the current support of the wife.'" 27 Conn. B. J. 298.

It does not appear that this precise question has been previously before the courts of this jurisdiction although it has been passed upon by other courts many times. See notes, 140 A.L.R. 914, 153 A.L.R. 941, 175 A.L.R. 538, "Estoppel to assert invalidity of decree of divorce for lack of domicil at divorce forum or failure to obtain jurisdiction of person of defendant." A study of these cases seems to justify the conclusion in 140 A.L.R. 916 that "the confusion of the earlier cases upon the subject does not seem to have been clarified by the more recent cases."

In Connecticut, "[w]hile an action for divorce is a creature of statute, it is essentially equitable in its

nature." *Krasnow* v. *Krasnow,* 140 Conn. 254, 261. The plaintiff must come into court with clean hands. *Paris* v. *Paris,* 18 Conn. Sup. 311.

"There is something offensive to common decency in the position of one who, having procured a divorce . . . thereafter attempts to have it declared void on the ground that the court granting it lacked jurisdiction. . . ." *Hooker* v. *Hooker,* 130 Conn. 41, 50. Although the instant case differs materially from *Hooker* v. *Hooker,* it would seem that this language is completely applicable. The plaintiff has by her own conduct brought about the condition of which she complains. Having herself secured the divorce decree the validity of which she now questions, she should not be permitted to draw upon the husband whom she divorced in the questioned proceedings for alimony and counsel fees, the right to which would accrue to her only because of her status as his wife.

"Whether . . . there is such obligation [to this plaintiff], in law or equity, is one of the issues in the case now pending. Granting the plaintiff's motion would be tantamount to deciding this issue in the plaintiff's favor before trial of the entire case, including this issue, upon its merits. This the court cannot do." *German* v. *German,* 7 Conn. Sup. 103, 104.

Plaintiff's motions for alimony pendente lite and allowance to prosecute are denied. A sufficient basis upon which to rest the refusal is that the plaintiff does not come into court with clean hands.