Argued 18 October;  decided 13 November, 1899;  rehearing denied 8 January, 1900.

## O'BRIEN *v.* O'BRIEN.

[57 Pac. 374, 58 Pac. 892.]

1. Jurisdiction of Supreme Court—Alimony Pendente Lite.—The supreme
   court cannot, while a divorce proceeding is pending on appeal, order the pay-
   ment of alimony or counsel fees by one of the parties. The jurisdiction of this
   court is entirely appellate under the Constitution, Article VII, § 6, and, more-
   over, Section 500 of Hill's Ann. Laws contemplates that such an allowance
   shall be made, if made at all, by the circuit court before appeal.

2. Divorce—Cruel and Inhuman Treatment.—Where, in a suit by a wife for a divorce on the ground of cruelty, it appears that the husband made brutal assaults on her, which were out of proportion to the provocation, and used in connection therewith abusive language, so that she was compelled to leave home, and that she at no time resorted to personal violence or visited on him any personal chastisement, she is entitled to a divorce.

3. Allowance of Alimony on Affirming Decree.—Where the supreme court has a divorce case for final disposition on its merits, it will grant such relief in the way of an additional allowance for alimony or expenses as may seem proper under the proofs submitted.

From Multnomah : John B. Cleland, Judge.

Suit by Mary O'Brien against John O'Brien for a divorce because of alleged cruel and inhuman treatment rendering life burdensome, under Hill's Ann. Laws, § 495, subd. 6. Defendant appealed from the decree. After the appeal had been perfected the plaintiff applied to the supreme court for an order requiring the defendant to pay a reasonable amount for her support and counsel fees. The application was denied, and, on final hearing, the decree was affirmed.    Motion Denied : Affirmed.

On Motion for Alimony.

*Mr. Franklin P. Mays*, for the motion.

*Mr. William P. Lord*, contra.

Mr. Justice Bean delivered the opinion.

1.   This is an application on behalf of the respondent for an order requiring the appellant to pay such a sum of money as the court may deem reasonable for her support pending the appeal, and for counsel fees and expenses. The petitioner is met at the outset with the objection, which we think well taken, that the relief sought is not within the jurisdiction of this court. The constitution provides that "the supreme court shall have jurisdiction only to revise the final decisions of the circuit courts :" Const. Or., Article VII, § 6. It is therefore strictly an appellate tribunal, and it is only when the circuit court has

acted, and its act is brought here for review in the manner provided by law, that our jurisdiction attaches. We are therefore of the opinion that we have no power to grant the relief prayed for, because the jurisdiction invoked is original, and not appellate. It is true that as an incident to, and in aid of, its appellate jurisdiction, the court has the power to issue and enforce such writs and make such orders as may be necessary or proper to the complete exercise of its jurisdiction; but the order sought is in no way essential or necessary for that purpose. We are not unmindful of the rule that jurisdiction in divorce cases is said to carry with it, by implication, the incidental power to make a proper allowance for alimony *pendente lite* and "suit money;" but we have no jurisdiction of such cases, except as conferred by the constitution, which limits it to revising the actions of the circuit court. And the statute on the subject, which provides that an allowance for that purpose may be made at any time after the commencement of the suit and before a decree therein, contemplates that, in harmony with the constitution, its exercise shall be confined, in the first instance, to the court of original jurisdiction: Hill's Ann. Laws, § 500. The cases relied upon by counsel for petitioner, from Michigan, Colorado, and Nevada (*Goldsmith* v. *Goldsmith*, 6 Mich. 285; *Pleyte* v. *Pleyte*, 15 Colo. 125, 25 Pac. 25; *Lake* v. *Lake*, 17 Nev. 230, 30 Pac. 878), though apparently in point, were tried and determined under constitutions by the terms of which jurisdiction is vested in the appellate court to issue writs of *habeas corpus*, mandamus, *quo warranto*, certiorari, injunction, and other remedial writs, with authority to hear and determine the same: 1 Comp. Laws, Mich. p. 58; 1 Mills' Ann. Stat. Colo. p. 258. Or, in addition to those enumerated, "all writs necessary or proper to the complete exercise of its appellate jurisdiction:" Const. Nev. Article

VI, § 4.   Our constitution contains no such provision, and vests no such jurisdiction in this court, but, even under a constitution similar to that of Nevada, the Supreme Court of California, in *Reilly* v. *Reilly*, 60 Cal. 624, held that it had no power to make an allowance for alimony *pendente lite*.   The petition is denied.

MOTION OVERRULED.

ON THE MERITS.

For appellant there was an oral argument by *Mr. James Gleason*.

For respondent there was an oral argument by *Mr. Franklin P. Mays*.

PER CURIAM.   2. This is a suit for divorce upon the ground of cruel and inhuman treatment, rendering life burdensome.   The parties were married January 31, 1881, and the cruel treatment of which plaintiff complains, consisting of assaults upon her person, commenced in 1883, and continued from time to time down to near the day of their separation.   The manner of these assaults it is not necessary to describe, more than to say that the evidence shows them to have been brutal, and out of proportion to any provocation that may have induced them.   Along with the administration of physical chastisement, the defendant used toward plaintiff vile, offensive, and abusive language, calculated to wound her feelings, humiliate, and degrade her.   In October prior to the commencement of this suit, he applied to her abusive language, threatened to and did beat her, so that she was compelled to leave home, and thereupon she ceased to live with him.   She at no time, however, resorted to personal violence, or visited upon him any physical chastisement.   Notwithstanding her conduct was not what marital ethics would

approve, his cruelty to her was entirely out of proportion to the provocation, unjustifiable, and unmerited. The divorce, therefore, was properly granted, and the decree must be affirmed.

3. The court below found that the plaintiff was without money or means to conduct the suit or pay attorney's fees ; that she had received no money from the property involved since October 10, 1897 ; and that $300 was a reasonable sum to be allowed for her support and maintenance meanwhile, and allowed her that sum in the decree. Since the case came here, application has been made for a further allowance, to cover costs incident to the delay, trouble, and expense attending the appeal, it being alleged that she was without money and means to enable her to carry on or further prosecute her defense. We then refused to grant further alimony *pendente lite*, for the reason that we were without jurisdiction to that end. Having the case now for final disposition upon its merits, we may grant such relief in the way of an additional allowance as may seem proper, consistent with and in pursuance of the proofs submitted respecting the same. The allowance granted by the court below was designed for her support and maintenance during the pendency of the suit in that court. She should now be allowed an additional sum, sufficient to reimburse her for the reasonable outlay and expense attendant upon the appeal ; and, deeming the sum of $100 sufficient for that purpose, the decree here will include that sum, in addition to her costs and disbursements in both courts.     AFFIRMED.