Argued on motion to dismiss appeal January 25, appeal dismissed February 15, rehearing denied March 15, 1927.

## LOUISE F. KOESTER *v.* M. C. KOESTER.

(253 Pac. 12.)

**Divorce—No Appeal Lies Under Statute from Interlocutory Order Requiring Husband to Pay Divorce Suit Expenses and Support Wife During Pendency (Or. L., § 548, as Amended by Laws 1923, p. 216).**

1. No appeal lies under Section 548, Or. L., as amended by Laws of 1923, page 216, from interlocutory order made under Section 512, Or. L., providing that court may order husband in divorce suit to pay expenses of suit and support wife during its pendency.

**Appeal and Error—Appeal is Available Only as Prescribed by Statute (Or. L., § 548, as Amended by Laws 1923, p. 216).**

2. Appeal is a statutory proceeding, and can be availed of only in cases provided for in the statute (Or. L., § 548, as amended by Laws 1923, p. 216).

---

**Divorce—Interlocutory Order in Divorce Suit for Suit Money and Support Held not Reviewable Except on Appeal from Final Decree (Or. L., § 512, Subd. 1).**

3. Interlocutory order in divorce suit by wife made under Section 512, Or. L., subd. 1, providing that court may order husband to pay expenses of the suit and support wife during its pendency, *held* not reviewable except on appeal from the final decree.

---

Appeal and Error, 3 C. J., p. 316, n. 43, p. 438, n. 25, p. 455, n. 24, 25, p. 456, n. 28.
Divorce, 19 C. J., p. 325, n. 15, 16.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

This cause is submitted on motion by Louise F. Koester, respondent, to dismiss the appeal for the reason that the order appealed from is an interlocutory order from which no appeal lies.

APPEAL DISMISSED.    REHEARING DENIED.

For the motion, *Mr. Gus C. Moser.*

*Contra, Mr. W. C. Bristol* and *Mr. John A. Collier.*

BEAN, J.—1. Defendant appealed from an interlocutory order made in a divorce suit requiring the defendant to make monthly payments to the plaintiff for her support during the pendency of this suit and also suit money to enable plaintiff to procure the attendance of witnesses and prosecute this suit; and further requiring the defendant to pay plaintiff's attorney's fee in the suit. The order temporarily enjoins the defendant from disposing of certain of his property pending the trial of the suit upon its merits. The main suit for divorce is based upon cruel and inhuman treatment of plaintiff by defendant, the facts in regard to which are set forth in the complaint; and based upon facts alleged in the complaint, plaintiff

prays for a property settlement and for permanent alimony. Section 512, Or. L., provides that in a suit to dissolve the marriage contract, the court may in its discretion provide by order as follows, subdivision 1:

"That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the suit, as the case may be, and also such an amount of money as may be necessary to support and maintain the wife during the pendency of the suit; * * "

In so far as applicable to this motion, Section 548, Or. L., as amended by Chapter 153, General Laws of Oregon, 1923, page 216, provides as follows:

"A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal shall be deemed a judgment or decree, * * "

The order appealed from is not an order, judgment or decree which in effect determines the suit, so as to prevent a judgment or decree in the suit. The order is simply interlocutory. So far as disclosed by the record no decree granting or denying the divorce has been rendered. In fact, it was disclosed upon the argument that no answer in the suit has been filed by defendant. The order herein is not void and having been made prior to the final decree it is not an

appealable order: *Clay* v. *Clay,* 56 Or. 538, 542 (108 Pac. 119, 109 Pac. 129).

2, 3. Appeal is a statutory proceeding and can be availed of only in cases provided for in the statute: *State* v. *Security S. Co.,* 28 Or. 410, 418 (43 Pac. 162); *Blaumauer Frank Drug Co.* v. *Horticultural Fire Relief Co.,* 59 Or. 58 (112 Pac. 1084); *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222). The order appealed from can only be reviewed by this court upon an appeal from the final decree when rendered: *O'Brien* v. *O'Brien,* 36 Or. 92 (57 Pac. 374, 58 Pac. 892); *Hengen* v. *Hengen,* 85 Or. 155, 169 (166 Pac. 525).

It follows that the motion to dismiss the appeal must be allowed. Appeal dismissed.

APPEAL DISMISSED.   REHEARING DENIED.