Application for additional suit money denied September 22, 1931;
argued and submitted on merits January 8; affirmed
January 19, 1932

## LaFOLLETT v. LaFOLLETT
### (2 P. (2d) 1109, 6 P. (2d) 1085)

No appearance for appellant.

*Guy L. Wallace* and *J. F. Alexander,* both of Port-
land, for respondent.

BEAN, C. J. This is an application for an order allowing plaintiff the sum of $50 as additional suit money and the sum of $500 as additional attorney's fees in this court, based upon the affidavit of plaintiff wherein it is shown that the decree of the lower court provided that defendant should pay the plaintiff for the care and support of their minor children, commencing the 15th day of February, 1931, the sum of $75 per month, and further, that plaintiff have judgment against defendant for the sum of $750 attorney's fees, and $126.25 costs and disbursements; that the defendant has failed and refused to pay the plaintiff any of the sums provided for in that decree, and that plaintiff is without funds for her support and the support of her minor children.

The motion was not submitted as a review of the decree of the trial court, but was initiated in this court, and it is noticed that the application is both for her support and that of the minor children and for attorney's fees and expenses.

In *O'Brien v. O'Brien,* 36 Or. 92 (57 P. 374, 58 P. 892), it appears that after an appeal had been perfected in that case the plaintiff applied to the supreme court for an order requiring defendant to pay a reasonable amount for her support and counsel fees. Former Mr. Justice BEAN delivered the opinion, in which it is stated, in substance, that the relief sought is not within the jurisdiction of this court. The constitution provides that "the supreme court shall have jurisdiction only to revise the final decisions of the circuit courts." Const. Or., Art. VII, § 6.

"It is therefore strictly an appellate tribunal, and it is only when the circuit court has acted, and its act is brought here for review in the manner provided by law, that our jurisdiction attaches. We are therefore of the opinion that we have no power to grant the relief

prayed for, because the jurisdiction invoked is original, and not appellate. It is true that as an incident to, and in aid of, its appellate jurisdiction, the court has the power to issue and enforce such writs and make such orders as may be necessary or proper to the complete exercise of its jurisdiction; but the order sought is in no way essential or necessary for that purpose. We are not unmindful of the rule that jurisdiction in divorce cases is said to carry with it, by implication, the incidental power to make a proper allowance for alimony *pendente lite* and 'suit money'; but we have no jurisdiction of such cases, except as conferred by the constitution, which limits it to revising the actions of the circuit court. And the statute on the subject, which provides that an allowance for that purpose may be made at any time after the commencement of the suit and before a decree therein, contemplates that, in harmony with the constitution, its exercise shall be confined, in the first instance, to the court of original jurisdiction: Hill's Ann. Laws, § 500.''

In *White v. White,* 100 Or. 387, (190 P. 969, 197 P. 1080), the plaintiff and respondent filed a motion in the supreme court for suit and maintenance money. Chief Justice McBride, in passing upon the motion, stated that the circuit court granted the plaintiff an order for $60 suit money pending the hearing, which was exhausted by the expense of the trial therein. The affidavit showed that she was practically destitute and unable to pay for her printed briefs and attorney's fees, citing *O'Brien v. O'Brien,* supra; *Taylor v. Taylor,* 70 Or. 510 (134 P. 1183, 140 P. 999). It was held that ''this court has no jurisdiction to grant suit money or maintenance money pending a decree.''

In *Taylor v. Taylor,* supra, an opinion was written by Chief Justice McBride. It was held as follows:

''This court has no original jurisdiction to grant suit money or maintenance pending the hearing of a case upon appeal. This is settled by the case of *O'Brien v. O'Brien,* 36 Or. 92 (57 P. 374, 58 P. 892).''

No appeal has been taken in the present suit by Mrs. LaFollett from the allowance of suit and maintenance money, and it must be presumed that the decree was satisfactory to her. The difficulty seems to be that the defendant has not paid the sums required by the decree to be paid to the plaintiff. We are bound by the rule often announced, as well as by the mandate of our constitution, to adhere to the rule that this is a court of review, and a proceeding initiated in this court for provisions for maintenance and suit money does not give this court jurisdiction to act in the first instance, independent of the decree in the trial court.

In *Hengen v. Hengen*, 85 Or. 155 (166 P. 525), in an opinion by Mr. Justice BURNETT, we find the following:

"It is manifest that the granting of suit money is an interlocutory matter, and is to be made only before decree and not afterwards. In this case the record discloses that the circuit court awarded the defendant $500 for this purpose, *pendente lite*. This exhausted the original jurisdiction on that subject. Of course this branch of the case might be reviewed on appeal on the authority of *O'Brien v. O'Brien*, 36 Or. 92 (57 P. 374, 58 P. 892), like any other question involved, except for the fact that there is no testimony before us about the amount or items of the defendant's necessary expenses in defending this suit."

In *Thomsen v. Thomsen*, 128 Or. 622, 631 (275 P. 673), we find the following:

"The defendant, by appropriate procedure, has moved for an allowance of attorneys' fees for appearing in this court."

This was upon final hearing of the suit and the matter was apparently presented in an entirely different manner than the motion in the present case.

The motion must be denied. It is so ordered.

ON THE MERITS
(6 P. (2d) 1085)

*John A. Jeffrey,* of Portland, and *John Bayne,* of Salem, for appellant.

*Guy L. Wallace,* of Portland (James F. Alexander, of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff brought this suit for divorce on the grounds of cruel and inhuman treatment. She alleges many specific acts of such treatment. She asked for the custody and control of four of the minor children and for support for herself and said minor children, attorneys' fees, and a one-third interest in the real estate owned by the defendant and described in the complaint.

The suit was filed in Multnomah county, March 13, 1929. There were a great many preliminary motions and demurrers. Sometime later plaintiff filed an amended complaint again alleging the marriage of the parties and that plaintiff was a resident of Multnomah county; described the lands and other property owned by defendant; and alleged specific acts of cruel and inhuman treatment which it is unnecessary to set out in detail here. Suffice to say that, if proven, these acts were sufficient upon which to base a decree. Thereafter defendant filed an answer which was in effect a general denial of the acts of cruel and inhuman treatment.

Upon hearing, the trial court made and entered a decree on February 14, 1931, granting plaintiff a divorce; awarding her the custody of four minor children, seventy-five dollars per month for support of said children; seven hundred and fifty dollars attorneys' fees; a one-third interest in the real property owned by the defendant; and her costs and disbursements.

Defendant appeals, assigning as errors:

1. The court erred in assuming jurisdiction to try this case and in failing to remand it to Washington county, Oregon, for trial.

2. The court erred in awarding respondent a decree herein because the same is not supported by the evidence and is contrary to the weight of evidence.

It appears that plaintiff and defendant made their home as husband and wife at Cornelius, in Washington county, up until March 1, 1929. At that time defendant's conduct became such towards plaintiff as to justify her in removing from their said home, at which time she took up her residence in Multnomah county.

"That in any suit for the dissolution of the marriage contract the same may be commenced and tried in any county in this state in which either party to the suit resides." Oregon Code 1930, 6-108.

The question of the residence was one of fact and the lower court determined the question, on good and sufficient evidence, in favor of the plaintiff, and his discretion in that matter should not be disturbed.

It would serve no useful purpose to quote the evidence on which the learned trial judge determined the suit in favor of the plaintiff.

During the time the case was pending in Multnomah county, defendant, as plaintiff, filed a suit

for divorce against plaintiff in the circuit court of Washington county, which suit was dismissed by reason of the pendency of the instant suit. In that suit, in his complaint, he made very grave and serious charges of misconduct against the plaintiff. These charges were brought to the attention of the court in the instant case by plaintiff's filing of a supplemental complaint. The making of such charges, if unfounded, of itself would be sufficient upon which to base a decree in plaintiff's favor. To defendant's credit be it said that in the answer to the present case he did not repeat said charges, which, if established, would have defeated plaintiff's cause of suit.

■ Appellant complains that there is insufficient corroboration of plaintiff's testimony. She is corroborated in some respects by her seventeen-year-old daughter; in some matters by witness Syverson; as well as by the surrounding circumstances. So long as the question of usage or perjury is not being proved, one witness, if entitled to full faith and credit, is sufficient: Oregon Code 1930, 9-902.

Appellant also complains that the court allowed plaintiff more attorney fees than she asked for in her complaint. The record shows that the prayer of the complaint was amended before trial. Respondent's counsel are requesting this court to make a further allowance of attorney fees. Without passing on the question of the jurisdiction of this court to make such allowance, the request will be denied.

The decree of the circuit court will be affirmed, respondent to recover her costs and disbursements.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.