## Duncan v. Duncan.

Feb. 16, 1943.

Dodd & Dodd and W. S. Heidenberg for appellant.

Kammerer & Hatton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a companion case to Duncan v. Duncan, this day decided. In that case Charles Y. Duncan, the defendant in a divorce action instituted by his wife, appealed from so much of the judgment rendered by the Jefferson circuit court May 13, 1942, as awarded to the plaintiff the custody of their three children. The judgment was affirmed.

On December 7, 1942, while the appeal from the judgment of May 13, 1942, was pending, the plaintiff in the divorce action, Anne Louise Munson Duncan, filed an amended and supplemental petition in the Jefferson circuit court asking for a revision of clause 3 of the judgment relative to the care and custody of the children and that she be permitted, by reason of the change of circumstances set out therein, to move with her three infant children to Wayne, Delaware county, Pennsylvania. With her amended and supplemental petition she filed her affidavit in which she stated, in substance, that her residence is located in Jefferson county about 10 miles east of the city of Louisville, and that since June, 1942, she has found living at that distance in the country under wartime conditions increasingly difficult for herself and her three infant children, Charles Y. Duncan, Jr., Annie Franchot Duncan, and Edgar Munson Duncan, now 8, 5, and 3 years of age, respectively; that at her present residence she cannot maintain herself and her three children in the station of life to which they are accustomed for the sum of $60 a month, the amount allowed her as alimony for herself and maintenance for the children in the divorce judgment; that she has arranged to lease a modern frame residence in Wayne, Pennsylvania, about a mile from the home of her brother, his wife and their two small children, and about 5 miles from the home of her uncle, George Munson, and his family; that Wayne, Pennsylvania, a modern suburb of Philadelphia, has suburban train service, a modern retail district, schools, and excellent physicians; that her uncle, Charles P. Franchot, has made arrangements for her and her children to be furnished funds at the

rate of $400 a month; and that it is essential that she live near her relatives for help, comfort, safety, and finacial assistance for herself and children. The defendant, Charles Y. Duncan, filed an answer to the amended and supplemental petition and his affidavit in which he stated that he is a school teacher employed in the Shawnee High School in Louisville, Kentucky, at a salary of $2,350 per annum; that under the judgment he is forced to pay to the plaintiff for the maintenance of herself and their infant children the sum of $60 a month and an attorney's fee of $500 at the rate of $20 a month, and that by reason of these and other expenses growing out of the litigation he has not now and will not have for a long period of time funds with which to make a visit to the state of Pennsylvania for the purpose of seeing his children; that aside from the condition of his financial affairs it would be exceedingly unpleasant and embarrassing to visit his children in the home or locality of the home where plaintiff proposes to reside. He further stated that the plaintiff has lived in Louisville for many years, is acquainted with many people, and that there are many places in and about the city of Louisville where she could live in the same comfort and society which she has heretofore enjoyed; that her relatives have been contributing to her maintenance and support during a large portion of the time that she has been a resident of Louisville, Kentucky; and that there is no reason why said funds should not be supplied as heretofore.

It was agreed that the affidavits of the parties should be considered as the evidence in support of and against the plaintiff's motion to revise the order of May 13, 1942, relative to the care and custody of the children, and the court entered a judgment amending and supplementing clause 3 of the original judgment as follows:

"1. That the plaintiff be and she is hereby granted the right to change her residence from the State of Kentucky to the State of Pennsylvania in the manner and to the place more particularly set out in her amended and supplemental petition and her affidavit filed in support of her motion and be and she is now allowed to take with her the said three infant children, Charles Y. Duncan, Jr., now eight years of age; Annie Franchot Duncan, now five years of age; and Edgar Munson Duncan, now

three years of age; for the purposes more particularly again set out in said amended and supplemental petition and said affidavit filed in support of said motion.

"And.

"2. That the defendant be and he is now granted the right of visitation to the State of Pennsylvania at the location where the plaintiff and the children of the plaintiff and defendant may be to be exercised by him at such times as he may be able to leave his vocation during school vacation and visit and be with said children; provided that said visitations are had at reasonable hours not exceeding four hours per day, and to be in the presence of a third party, to. be designated by the plaintiff at all times, and the plaintiff will allow said visitations in the manner herein provided for."

The judgment further provided that the plaintiff should keep herself and children subject to whatever judgment the Jefferson circuit court might be directed by the Court of Appeals to enter in the case then pending on appeal. The defendant has appealed.

The plaintiff's amended and supplemental petition asking for a revision of the order in the divorce case relative to the custody of the children was filed after the decision in Duncan v. Burnett, 292 Ky. 269, 166 S. W. (2d) 419, holding that an appeal from a judgment of divorce does not deprive the circuit court of jurisdiction to enter orders concerning the care and custody of the children pending the appeal. A motion that the record containing the original judgment rendered May 13, 1942, be considered with the record on this appeal has been sustained. It was said in the opinion affirming the judgment of May 13, 1942, that the appellee was the proper person to have the custody of the three children. In determining the custody of a child in a divorce case, courts must have principally in view the interest and welfare of the child, KRS 403.070, Carroll's Kentucky Statutes, section 2123; Harmon v. Harmon, 264 Ky. 315, 94 S. W. (2d) 670; Burke v. Burke, 267 Ky. 734, 103 S. W. (2d) 291. Where the children are very young and the mother is a suitable person, custody of the children will generally be awarded to her as being best calculated to secure their happiness and well-being. Meadors v. Meadors,

213 Ky. 397, 281 S. W. 180. Appellant admitted when he testified that Mrs. Duncan is a fine, virtuous woman and a devoted mother.

The sole question presented by this appeal is whether the chancellor erred in modifying the judgment so as to permit Mrs. Duncan to move to Pennsylvania and take the children with her. The only objection to the modification is that it will make the visitations of the father more difficult, but his convenience must give way to what is for the best interests of the children. Appellee was born and reared in Pennsylvania, and belongs to a prominent and influential family whose members reside in that state and New York. Her mother, brother, and uncle and probably other near relatives and their families reside in or near Wayne, Pennsylvania. Her relatives there are able and willing to furnish financial assistance to her and her children, and living there will likely be more pleasant for her and her children than living in Louisville under present conditions. In view of the scandalous nature of the charges and countercharges in the divorce action which undoubtedly have been widely circulated among the friends and associates of the parties, it will be for the best interests of the children to move them out of the unpleasant atmosphere which necessarily exists in their present surroundings. Appellant's salary and vacations will afford him the opportunity to visit his children at reasonable intervals.

The judgment is affirmed.