Argued June 7, affirmed September 6, 1961

· GODFREY *v.* GODFREY
364 P. 2d 620

*John O. Sheldahl,* Oregon City, argued the cause for appellant. On the brief were Sheldahl & Misko, Oregon City.

*Michael J. Walsh,* Portland, argued the cause for respondent. With him on the brief were Shuler, Sayre, Winfree & Rankin and Howard A. Rankin, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant (father) from an order entered by the circuit court October 24, 1960, which denied his motion to modify a decree, entered July 31, 1959, which granted to the plaintiff a divorce from him and awarded to the plaintiff the general custody of the two children born of the union. The decree recognized in the defendant a right to visit the children and ordered him to pay monthly a specified sum for their support. January 21, 1959, the court modified the decree in a detail that we will later mention. The order of October 24, 1960, which is challenged by this appeal, contained, among other provisions, the following:

"The defendant shall not have the right to take the children from the State or City of Plaintiff's residence until such time as the individual child so taken reaches the age of six years; * * *"

At that time the children, who were girls, were living in Evanston, Illinois. One of them was six months of age and the other was four and one-half years old. The defendant wished to bring them to Oregon during his two weeks visitation period and prayed that he

be relieved of the duty to pay support money if he were denied the right to bring the children to this state.

On the 30th day of October, 1958, the plaintiff, a resident of Oregon who was then the defendant's wife, filed a complaint for separation. She was, at that time, the mother of one child, Debora Ann, two years of age, and pregnant with a second. The circuit court on November 13, 1958, awarded plaintiff custody *pendete lite* of Debora Ann. A few days later plaintiff, with her child, went to Illinois to be with her parents during the birth of the second child which occurred January 14, 1959.

Subsequently the plaintiff filed an amended complaint which prayed for divorce on the identical grounds upon which the former complaint had sought separation. The amended complaint, as the first, alleged that the plaintiff was a resident of Oregon. The answer admitted that averment. On the 31st day of July 1959 a decree of divorce was granted to the plaintiff after a hearing in which she and the defendant were before the court. The children were not in the state at that time; they had been left in Illinois with their grandparents. The decree awarded to plaintiff the custody of the children and set forth the defendant's visitation rights as follows:

> "During the two weeks visitation period each year the Defendant shall have the right to physically possess the children in his custody, and the Defendant shall pick up the children, wherever they may be located, and return them to the Plaintiff at the conclusion of the two weeks' visitation period. In addition thereto, the Defendant may have such other visitation rights at reasonable and seasonable times as may be proper."

January 4, 1960, defendant moved to modify the decree of July 31, 1959, by (1) relieving him of further child support payments until the plaintiff complied with the terms of the decree through affording him two weeks visitation and (2) specifying the day upon which the defendant's visitation period commenced each year. The circuit court on January 21, 1960, denied defendant's motion but specified the days when the visitation period commenced and ended. The court upon its own motion provided that "defendant have the right to take the children from the state."

During the summer of 1960, as the August visitation period approached, a dispute arose over whether defendant had a right to go to Evanston, Illinois, where plaintiff and the two children were and remove the children, one of whom was six months of age and the other of whom was four and one-half years of age, to Oregon for the two week visitation period. Plaintiff informed the defendant that he had a right to visit them in Illinois but did not want them to be flown across the country to Oregon.

August 18, 1960, the defendant filed another motion seeking relief from child support payments until the plaintiff should comply with the decree as modified on January 21, 1960. October 24, 1960, the court denied the defendant's motion just mentioned. Its order stated that the court had listened to testimony and the arguments of counsel. The order of October 24, 1960, modified the decree of July 31, 1959, as modified by the order of January 21, 1960, so that it provided that "the defendant shall not have the right to take the children from the State or City of Plaintiff's residence until such time as the individual child so taken reaches the age of six years." It is

from this last order (October 24, 1960) that the defendant has appealed.

Defendant first asserts that the circuit court was without jurisdiction to enter any decree or to make any order with reference to the custody of the children for the reason that the children were not within the jurisdiction of the court at the time the decree and subsequent orders were issued.

██ Defendant's argument in this regard assumes that plaintiff was domiciled in Illinois at the time the divorce was granted. The assumption is unsupported by facts. There can be no doubt that when these proceedings were instituted by filing the complaint for separation the plaintiff was domiciled in Oregon. The only fact that the defendant can cite to support his claim that the plaintiff subsequently established a new domicile in Illinois is that she left Oregon shortly before the birth of her second child and went to Illinois to be with her parents and has remained there since. This, obviously, is not enough. Intention is the dominant factor in determining whether there has been a change of domicile. *Elwert v. Elwert,* 196 Or 256, 248 P2d 847; 36 ALR2d 741. The only expression of intention which the plaintiff made since she left Oregon in November of 1958 appears in her amended complaint for divorce filed March 2, 1959. There she stated that she was a resident and inhabitant of Clackamas County, Oregon. The answer admitted the averment. In addition to this the defendant alleged in his answer and cross complaint to the amended complaint for divorce that the plaintiff for more than a year had been continuously a resident of Oregon. Thus, the present position of the defendant is completely inconsistent with the position he took in March of 1959 when the answer and cross complaint were filed.

Since the defendant has failed to produce any evidence showing an intention on the part of the plaintiff to make Illinois her domicile, we must proceed on the basis that the plaintiff and her children were, at the time of the decree and subsequent modifications, Oregon domiciliaries: *Lorenz v. Royer*, 194 Or 355, 241 P2d 142, 242 P2d 200; 28 CJS, Domicile, § 12b(2).

The circuit court obtained jurisdiction over all the parties and the subject matter of the suit in October of 1958 when plaintiff instigated proceedings for separation. ORS 15.030 states:

"From the time of the service of the summons, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings * * *."

■ Where there is no outstanding judicial award of custody by a foreign court, overwhelming authority supports the proposition that even though the children may be physically without the state, the court, once having acquired jurisdiction, possesses the power to make an award of custody or to modify an existing award of children domiciled within the state. *Lorenz v. Royer*, supra; *Hughes v. Hughes*, 180 Or 575, 178 P2d 170; *Griffin v. Griffin*, 95 Or 78, 187 P 598; *Cole v. Cole*, 194 Miss 292, 12 So2d 425; 27B CJS, Divorce, § 317(1); 17A Am Jur, Divorce and Separation, § 812; 39 Am Jur, Parent and Child, § 25; 9 ALR2d 434; 171 ALR 1405; 70 ALR 526. Thus, the fact that the children are domiciled within Oregon provides the courts of this state with sufficient interest in their welfare to determine their custody; the fact that the children are physically without the state does not relieve the courts of this duty. These con-

tentions of the defendant are dismissed as being without merit.

■ Defendant's second proposition complains that the circuit court did not have jurisdiction to modify its decree of July 31, 1959, as modified on January 21, 1960, on its own motion, after the same had become final. The modification complained of here, in essence, denied defendant the right to remove the children from Illinois during the visitation period. At the outset it is to be noted that decrees involving the custody of children are never final but remain subject to modification, thus allowing the court to make appropriate changes from time to time as the welfare and best interests of the children demand. ORS 107.130; *Pick v. Pick,* 197 Or 74, 251 P2d 472; *Quinn v. Hanks,* 192 Or 254, 233 P2d 767; *Hughes v. Hughes,* supra. The defendant, in asserting that the court is without jurisdiction to modify the decree on its own motion, relies heavily on ORS 107.130 which reads in part:

"(1) The court, or judge thereof, has the power to set aside, alter or modify at any time after a decree is given, upon motion of either party, so much of the decree as may provide * * * for the care and custody of minor children * * *."

■■ We do not interpret this statute as curtailing the circuit court's power to act for the welfare of children until one of the parties makes an appropriate motion. On the contrary, it should be construed as adding to the jurisdiction and authority already possessed by the circuit court, or as affording an additional remedy to either divorced parent. It would be a grave injustice to the children of divorced parents to make the court's ability to act on their behalf depend upon the action of either of the divorced parents. Both of the latter may lack sincere interest in the children. At

most, this is a procedural and not a jurisdictional matter. In *Shallcross v. Shallcross,* 135 Ky 418, 122 SW 223, a similar contention based upon a statute substantially similar to ORS 107.130 was rejected by the court. In this case the prayer of both the amended complaint and cross complaint prayed for the custody of the children. When the court modified its previous order by terminating the right of the defendant to remove the children from Illinois both the defendant and the plaintiff were before the court and both were heard. The privilege to remove the children from Illinois, which the order of October 24, 1960, terminated, had been inserted in the order of January 21, 1960, upon the trial judge's own motion.

The cases cited by defendant, *Shelley v. Shelley,* 204 Or 436, 283 P2d 663; *Zipper v. Zipper,* 192 Or 568, 235 P2d 866, are not controlling here for they do not involve the welfare of children, which might have been controlling had it appeared. This proposition is dismissed as without merit.

■■ The third proposition states that the order of the circuit court entered on October 24, 1960, which, in effect, denied the defendant the right to take the children out of Illinois during his visitation period, was not supported by any competent evidence and therefore constitutes an abuse of discretion on the part of the court. The trial judge is in a far better position than we to determine what is best for the children. He had occasion to talk with and observe both of the parents while we have had no such opportunity. We should not, therefore, disturb such a decision of the trial judge unless a clear abuse of discretion is presented to this court. No such abuse of discretion appears in this instance. One of the children involved was not even out of diapers while the other was only

four years old. These facts alone, in our opinion, justified the trial judge in determining that they should not be taken far from their mother.

This assignment of error lacks merit.

■■■ The fourth proposition claims the circuit court erred in denying defendant the relief for which he moved on August 18, 1960. The defendant, in that motion, contended that he should be relieved of support payments until the plaintiff granted his visitation rights. All of the cases cited by defendant in support of this assignment of error involved situations where visitation rights had been wilfully denied. In the present case the visitation rights of the defendant have not been denied. The defendant was free to go to Illinois and visit his children. The defendant's income was sufficient to have permitted such a trip if he really wanted to see his children. Defendant's convenience must give way to what is best for his children. *Levell v. Levell*, 183 Or 39, 190 P2d 527; *Duncan v. Duncan*, 293 Ky 762, 170 SW2d 22, 154 ALR 549. Further, for the purpose of argument, assume that the plaintiff (mother) had wilfully prevented the defendant from seeing his children. It would still be discretionary with the court as to whether or not the defendant should be relieved of his children's support payments. Only the children would suffer by such action and they have done no wrong. Although there may be legal justification under the assumed circumstances, there is certainly no moral justification in subjecting innocent children to hardships because of the misdeeds of their parents. This contention is dismissed as lacking in merit.

The challenged decree is affirmed. The plaintiff is granted judgment for costs, disbursements and an attorney fee in the sum of $450.