**Robert BYERS, Appellant,**

v.

**Reka C. BYERS, Appellee.**

Court of Appeals of Kentucky.

June 28, 1963.

Rehearing Denied Sept. 20, 1963.

James M. Todd, Lasserre Bradley, Lexington, for appellant.

Scott Collins, Prestonsburg, for appellee.

STANLEY, Commissioner.

This is an unusual child custody case. The action was instituted by the father of two girls, eight and eleven years old, to enjoin their mother from taking them to Johannesburg, South Africa. The injunction was denied, as were two alternative pleas. The father appeals.

The parents, Robert Byers and Reka C. Byers, were divorced by a Florida court in March, 1957. The mother was awarded custody of the infant children, and she brought them to Lexington, Kentucky, where they have since resided. Mrs. Byers has been teaching school in Franklin and Fayette Counties. While the divorce decree is silent as to the right of visitation,

the father has frequently visited the children. He has not remarried. He is a traveling man with an extensive territory and is presently living in an apartment in Atlanta. Both parties are highly respectable, and the character and moral suitability of neither is questioned. However, Mrs. Byers admitted that she does not attend church and is not giving her children any religious training because "I don't consider it necessary." The appellant's parents also live in Lexington, the father being a professor at the University of Kentucky. The children would have been placed with them had the father succeeded in this action.

The mother of these children plans to go to South Africa and marry Jacob Elzinus Boekkooi, a native of Holland, presently employed as a newspaper man in Johannesburg. In the summer of 1948 he was an "exchange student" in Lexington under the auspices of the United States State Department. Mrs. Byers met him in Johannesburg in the summer of 1962 when she was there as a tourist, and they became engaged to marry. His affidavit, received as evidence, is that he is financially able to maintain a wife and Mrs. Byers' children. But there is absent any commitment to support the children. Some evidence was introduced to show that the environment and living conditions in the foreign city are equal to those in Lexington, Kentucky.

■ The question of custody of children of parents about to be or who have been divorced ordinarily arises as an important incident to the divorce proceeding; but, independent of the divorce action, it is a common subject of equity jurisprudence in the jurisdiction where the child is domiciled or situated. 39 Am.Jur., Parent and Child, § 18. Compare Callahan v. Callahan, 296 Ky. 444, 177 S.W.2d 565; Roberts v. Roberts, 300 Ky. 454, 189 S.W. 2d 691. And it may be observed that nonresidence is generally regarded as a factor of minor importance (39 Am.Jur., Parent and Child, § 22, p. 612) and that a court having jurisdiction has the power to permit a parent who contemplates an immediate removal from the state to take the child or to confirm the act where the child has already been removed. In some of our cases it was found to be to the best interests of the child to permit or confirm his or her removal from the state. Workman v. Workman, 191 Ky. 124, 229 S.W. 379; Duncan v. Duncan, 293 Ky. 762, 170 S.W. 2d 22, 154 A.L.R. 549; Lambeth v. Lambeth, 305 Ky. 189, 202 S.W.2d 436; Bowman v. Bowman, 313 Ky. 806, 233 S.W.2d 1020; Spencer v. Spencer, Ky., 312 S.W. 2d 360.

We have considered the several cases from other jurisdictions cited by the parties in which the removal of the children was to foreign countries. The courts seem to have given some weight to the difference, but decided the cases upon the same principles generally recognized where the removal would be or had been to another state.

■ No question of jurisdiction or power has been raised here. The case has been regarded the same as if it was an incident to the divorce action. Therefore, the principles usually and generally recognized in such actions have been and should be applied.

■ It is a fundamental rule that, other considerations being equal, custody of a child of tender years, or if a girl of even more mature years, should be awarded to the mother. This is in recognition of the truism that maternal affection is more active and better adapted to the care of the child and best calculated to secure his or her happiness and well-being. She is the natural custodian of her young children. There is no substitute. There are scores of authorities for the statement. However, it cannot be said by any means that the love and devotion of a father is to be ignored or given less consideration. Always the claims of the divorced parents— both of them—are subordinate to the good of the child as the courts in their judicial wisdom and discretion may determine.

■ The contemplated removal of the children to a far-off country gives strong support to the father's claim. It is a cogent and appealing factor. But over against it is the principle, so often enunciated, as to the better fitness of a mother. One of these two little girls will soon be blossoming into adolescense, at which stage in life she will specially need the care and comfort of her mother. There is also the fact that the father is not situated so he can personally take care of the children. From the conflicting considerations the trial court determined that the custody of the children should remain with the mother, and we cannot say that such determination was an abuse of discretion.

The two alternative pleas of the father are (1) that the court should have required the mother to execute bond or other surety conditioned upon her returning the children to the jurisdiction of the court; (2) that while they remain in South Africa he should be relieved of the payment of $20.00 a week for the support of the children.

With respect to the first contention. The court did not believe it necessary to require bond, apparently relying upon the substantial promise that the children's father could bring them back to the States during school vacations if he would pay one-half the transportation costs, and the mother's expressed intention of returning to Kentucky in about two years for a vacation and bringing the children with her.

■■ In respect to the second contention. The amount the father has been paying for the support of the children was that decreed by the Florida court in the divorce action when the children were two and five years old and his financial ability was limited. The mother sought greater allowance in this action, but she has not perfected a cross-appeal. Obviously, the sum being paid is inadequate today; but as the children will be taken away and he will be deprived as a realistic matter of visiting them periodically, we agree with the trial court that the father should continue the same payments (directed to be paid to the Domestic Relations Officer of the Fayette Circuit Court), for a father is responsible for the support of his children.

The judgment is affirmed.

STEWART, C. J. and MONTGOMERY, J., dissenting.