Argued June 27, affirmed July 15, 1963

## BANICK *v.* BANICK

383 P. 2d 775

*William B. Wyllie,* Salem, argued the cause for appellant. With him on the brief were George A. Rhoten, Myron L. Enfield and Rhoten, Rhoten & Speerstra, Salem.

No appearance for respondent.

Before MCALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

PER CURIAM.

This is an appeal from a decree of separation from bed and board for three years entered under the provisions of ORS 107.320.[1]

The defendant-husband in the divorce case challenges the right of the trial court to grant a decree of limited separation after the trial court had observed from the bench that the plaintiff-wife had failed to prove sufficient grounds for a divorce.

■■ Since the quoted statute contemplates cases in which there may be a judicial separation even though divorce must be denied, e.g., where the parties have not resided within the state for one year, or where the plaintiff is himself guilty of serious misconduct, it is obvious that a trial court has the power to grant a separation after finding that there is no basis for a decree of divorce. The only remaining question is whether the trial court has discretion in the relief it may grant. It has. See *Godfrey v. Godfrey,* 228 Or 228, 364 P2d 620 (1961); *LaFollett v. LaFollett,* 138 Or 411, 2 P2d 1109, 6 P2d 1085 (1932).

■ The trial court having discretionary power to do what it did, this court can not say the trial court abused its discretion unless the transcript of the testimony reveals an abuse of discretion. The defendant has not brought up the transcript. We can not speculate concerning what it might contain. For all this court knows, the trial court could have found facts that

---

[1] "If, after a suit for divorce is commenced and prior to the entry of final decree, the court finds that neither party is entitled to a decree of divorce, the court may allow, upon motion of either party, amendment of the pleadings to conform to the requirements of a suit for separation from bed and board and then may allow the suit to proceed as provided in ORS 107.210 to 107.310."

would have entitled the plaintiff to a decree of separation even though she may not have been entitled to a divorce. (The trial court also might have spoken too soon when it said plaintiff was not entitled to a divorce, but she is not appealing.) The trial court, in its discretion, may have concluded that a limited period of separation was proper in all the circumstances.

Under ORS 107.410, the trial court had full equity powers, and it is not for this court to say that the trial court abused its discretion when we have no way of knowing what the evidence was.

Affirmed.