Arnold HICKEY and Hester Hickey,
Appellants,

v.

Kenneth George BELL, Appellee.

No. 403.

Supreme Court of Alaska.

April 21, 1964.

Helen L. Simpson, Anchorage, for appellants.

Harold J. Butcher and Charles E. Tulin, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellants allege that it was error for the superior court judge not to sign a decree of adoption after appellants' petition for adoption had been heard and approved by a master acting for the court.

In a report dated October 16, 1961 the master, after hearing, reported to the superior court for the Third Judicial District, recommending that appellants' petition to adopt Margo Bell be granted. Margo was appellants' granddaughter, the issue of a marriage between appellants' daughter and appellee which had been dissolved by divorce in 1955.

On October 24, 1961 appellee filed objections to the master's report and requested that the court set a date for a custody hearing so that appellee might present evidence of the adequacy of the home he was prepared to provide. During these times there was pending before the court a motion filed by appellee to modify the divorce decree to award custody of Margo to him. This motion was heard and denied by the court on January 15, 1962.

After the death of Margo's mother on March 26, 1962, appellee again moved the court to modify the divorce decree of 1955 to grant custody of Margo to him as sur-

viving parent. Appellants also moved to modify the divorce decree to grant custody to them in the event the court did not sign the decree of adoption recommended by the master on October 16, 1961, still pending but not acted upon.

Both motions were finally heard in November of 1962 and on January 24, 1963 a judgment was signed modifying the divorce decree and granting cutody of Margo to appellee father, the surviving parent. On the same date the court signed an order denying appellants' petition for adoption.

■ Appellants argue that AS 20.10.100 requires that the superior court judge grant the petition for adoption if the requirements of the section are found to have been satisfied by the master who conducted the hearing.[1]

We do not agree. The superior court was free to follow the recommendations of the master and grant the petition for adoption or to reject it as it saw fit.[2] As far as can be determined from the record neither party applied to the court for action upon the master's report and upon the objections filed, as provided in Civ.R. 53(d)(2), so both are equally at fault, if there is any fault, for the failure of the judge to act promptly on the report.

The second alleged error is that the court abused its discretion in awarding custody of the child to appellee father because the child's welfare should be paramount to the legal right of the father as surviving parent.

In advancing this argument appellants assume that the child's welfare would have been better served if custody had been granted to appellant grandparents. The argument is based primarily on the fact that

Margo had lived with appellants most of the time subsequent to the divorce of her parents in 1955, and had had the companionship of her half sister, who had been adopted by appellants.

The court found that both parties were fit and proper persons to have legal custody of the child and were financially able to provide for her. It further found that appellee was able to provide an adequate home and as surviving parent had a superior legal right to custody.

■ The trial court properly applied the majority view which is that as between parents and grandparents adversely claiming custody of a child, either parent is entitled to a preference over the grandparents, unless it is clearly shown that the parent is unfit for the trust, or that the welfare of the child requires it to be in the custody of the grandparents.[3]

■ Nothing substantial in the record supports appellants' claim that the welfare of the child required that the legal preference of the father be ignored and custody given to the grandparents.

■ Appellants also contend that the superior court did not have jurisdiction to order the change in custody from the mother to appellee, in the hearing held on November 13, 1962, because neither the child nor appellant grandparents were within the state at that time.

The facts are that as of October 19, 1961 appellants had the physical custody of the child by the permission of its mother. On the last mentioned date appellants executed and filed an affidavit in the superior court wherein they agreed that if their pending adoption petition was denied they would submit to the jurisdiction of the court in

1. AS 20.10.100(a) states:
   "Upon the conclusion of the hearing, the court shall enter its decree either granting or denying the petition. If the court is satisfied with the identity and relations of the persons, and that the petitioner is of sufficient ability and in all respects a fit and proper person to bring up the child, and all other requirements of this chapter have been met, it shall grant the petition; otherwise it shall deny the petition."

2. Civ.R. 53(d)(2).

3. Madigan v. Madigan, 260 S.W. 485 (St. Louis Court of Appeals, Mo.1924); McGuire v. McGuire, 190 Kan. 524, 376 P. 2d 908, 913 (1962); II Nelson, Divorce and Annulment § 15.16 (2d ed. 1961).

any future child custody suits. The affidavit further recited that appellants were leaving for California, but would return the following Spring or at the end of the school year at the latest. Appellants were taking the child with them and agreed that they would not surrender custody to anyone else except on lawful court order. Appellants were not present at the hearing, but were represented by their counsel.

The parents of the child were married and divorced in Alaska. The child was born in Alaska. The Alaska court which granted the divorce made the award of custody of the child to the mother. Appellant grandparents only had custody of the child through the permission of their daughter and before removing the child from Alaska, agreed with the court to submit to the court's jurisdiction. The mother died in Alaska. Appellee father, the surviving parent, resided in Alaska.

Under these facts the Alaska Court had jurisdiction to modify the terms of its original divorce decree and grant custody to the father upon the death of the child's mother. The domicile of the child was in Alaska where her parents resided.[4]

The judgment below is affirmed.

---

4. Naylor v. Naylor, 217 Md. 615, 143 A. 2d 604, 608 (1958); see also Godfrey v. Godfrey, 228 Or. 228, 364 P.2d 620, 622–623 (1961).