Leora D. ALCORN (Now Mrs. Clayton J. Walton), Appellant,

v.

Henry D. ALCORN, Appellee.

Court of Appeals of Kentucky.

March 26, 1965.

John D. Sword, Chenault, Coy & Sword, Richmond, for appellant.

Hunter M. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellee.

MOREMEN, Chief Justice.

This case involves the custody of an eight year old child. On August 5, 1960, Mrs. Leora D. Alcorn was, by judgment of the Estill Circuit Court, granted an absolute divorce from her husband, Henry D. Alcorn. Mrs. Alcorn was granted custody of her son, Stephen D. Alcorn, and Mr. Alcorn was given the right of reasonable visitation.

On March 26, 1964, Mrs. Alcorn was married to Lt. Col. Clayton J. Walton, an officer in the United States Army, stationed at the Lexington Bluegrass Army Depot. Mr. Alcorn also has remarried.

On December 7, 1964, appellee Alcorn filed a motion to re-docket the original divorce proceeding for custody of the child or, alternatively, that the mother be prohibited from taking the child out of Kentucky. It developed at the hearing that Col. Walton had received orders transferring him to Okinawa in April of 1965 for a two-year tour of duty. It was shown that both parents were of high moral character and well able to furnish the child with satisfactory home conditions if either had custody of him. The court entered a judgment which sustained the motion to re-docket the case, pointed out the fact that the original judgment had given to the father the right to visit the child and to keep him for a reasonable length of time, and concluded that it would be a violation of the terms of the judgment to take the child to Okinawa, Japan, because the father would thus be denied the right of visitation and the right to have the child with him during certain periods. The judgment then provided:

"For the reasons aforesaid, it is now ORDERED AND ADJUDGED by the Court that the plaintiff have custody of said child, but if she and her husband go out of the United States and overseas during said period of time the defendant is granted temporary custody of said child, and the temporary custody of said child is so awarded as long as the plaintiff and her husband reside outside the United States, and upon her return she is given the right to custody of said child with the rights of visitation by the defendant as provided in the judgment of August 5, 1960."

It is a fundamental rule of law that other considerations being equal, the mother is entitled to care, custody and control of children of tender years. Hatfield v. Derossett, Ky., 339 S.W.2d 631. The record is abundant with proof that this child has been well cared for, is making high scholastic grades and is living a normal life. We are faced therefore with the question as to whether the denial of visitation rights of the father for a period of about two years is sufficient to override the best interests and welfare of the child. We have repeatedly held to the contrary. Duncan v. Duncan, 293 Ky. 762, 170 S.W.2d 22, 154 A.L.R. 549; Bowman v. Bowman, 313 Ky. 806, 233 S.W.2d 1020; and Byers v. Byers, Ky., 370 S.W.2d 193. It is apparent also that if the judgment of the lower court is permitted to stand the mother

would be denied visitation rights for the same reason the father now assigns.

 This Court has long adhered to the rule that an order pertaining to the custody of a child may be modified only upon proof showing a change of conditions. Hatfield v. Derossett, Ky., 339 S.W.2d 633. The fact that visitation is made more difficult for one of the parents does not amount to a change of condition under our cases.

Judgment reversed.