**Ben J. BRUMLEVE, Jr., Appellant,**

**v.**

**Lynn BRUMLEVE, Appellee.**

Court of Appeals of Kentucky.

June 16, 1967.

James B. Young, Louisville, for appellant.

Edwin W. Paul, Louisville, for appellee.

OSBORNE, Judge.

Appellant and appellee were divorced in the Jefferson Circuit Court on December 6, 1963. Custody of the three minor children was given to appellee. Included in the divorce judgment was a separation agreement entered into by the parties which, according to its terms, required appellee to enroll the children in a parochial school.

The present controversy was touched off when appellant filed a motion for a ruling to require appellee to comply with this part of the agreement. Appellee countered appellant's motion with a supplementary complaint in which she asked for an increase in the amount fixed for maintenance and support of the children, and approval of the court to a request that she be allowed to take the children with her to Dallas, Texas. The commissioner proceeded to hear the matter on the above points on October 22, 1965.

During the course of the hearing appellee testified that the contemplated move to Dallas was for the purpose of taking a job as a dress designer with "Fashions of Dallas, Inc." She testified that this job would pay her $125 per week and that she was unable to secure comparable employment in Louisville. Appellant's attorney attempted to cross-examine appellee concerning her motives for the trip and concern-

ing any possible acquintances that she might have in Dallas. The thrust of this cross-examination seems to be that appellee has motives other than employment in the trip and these motives cannot be reconciled with the welfare of the children.

The commissioner sustained an objection to this line of examination. Appellant took the stand and proceeded to show that appellee did not have the job which she claimed; Placed in evidence an affidavit of Cayce B. Shelton who is office manager for "Fashions of Dallas, Inc.," that appellee had been interviewed for employment but the company had no commitment to employ her.

■ The commissioner terminated the hearing and declined to permit appellant to offer evidence that the contemplated trip would be detrimental to the best interest of the children.[1] Apparently, the commissioner based his ruling upon Alcorn v. Alcorn, Ky., 388 S.W.2d 578 and other cases including Byers v. Byers, Ky., 370 S.W.2d 193 and Bowman v. Bowman, 313 Ky. 806, 233 S.W.2d 1020, wherein this court permitted a divorced mother to remove the children from the state when she remarried and wished to take up residence with her new husband. We are of the opinion these cases are not controlling in this situation. When a divorced mother remarries, it becomes necessary that she assume the residence of her husband, and the court is left with only the alternative of permitting the removal of the children to the new husband's residence or denying the mother custody. Here appellee can show no such force compelling her to leave the jurisdiction. Therefore, it is incumbent upon her to justify the trip to Dallas in terms of the total welfare of herself and her children. If she is unable to do this then her request should be denied.

■ Mothers should be given considerable latitude in choosing where they will live. But when this right is challenged by the former husband and father of the children, she should offer some plausible reason for taking minor children out of the jurisdiction of the court to the prejudice of the visitation rights of the father. Mere whim is not enough. For a summary of authority see: 154 A.L.R. 552.

■ For the foregoing reasons we believe appellant should be permitted to present evidence to show that the trip proposed by appellee is not necessary to her welfare and is not in the best interest of the children.

The judgment is reversed.

All concur.

---

1. This ruling was upheld by the trial court.