Katherine G. EVERSOLE, Appellant,

v.

Lewis D. EVERSOLE, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellant.

Spencer D. Noe, Stoll, Keenon & Park, Lexington, for appellee.

EDWARD P. HILL, Jr., Judge.

The appellant prosecutes this appeal from a final order and judgment, modifying previous orders, and which allowed the appellant to remove the two children of the parties herein to the Island of Guam and reduced the child-support payments required of the appellee. The final order appealed from also altered visitation rights and required the appellant to pay the annual round-trip cost of returning the children to the appellee for summer visitations. The thrust of appellant's argument on appeal concerns that part of the judgment requiring her to pay the round-trip expenses of the children to spend the summer months with the appellee. We find no abuse of discretion by the chancellor and affirm the judgment.

The parties involved in this appeal were married August 1, 1959. Their marriage was blessed by the arrival of a daughter on May 3, 1960, and by a son May 26, 1961. The appellee is a career man in the United States Army with nearly 20-years seniority rights. In December 1964, the appellant filed action for divorce from bed and board and for custody of the two children. On August 12, 1965, judgment was entered in appellant's case granting to her divorce from bed and board, the custody of the children, and an award of $1,560 a year for the benefit of the children.

A supplemental judgment was entered October 3, 1969, giving the appellant an absolute divorce, the custody of the two children, and an increased allowance for the children from $1,560 to $2,640 per year.

In November 1970, appellant married Walter K. Rickabaugh, a staff sergeant in the U.S. Air Force. He was subsequently transferred to and stationed on the Island of Guam. The appellant apparently desired to accompany her husband (Rickabaugh) to Guam and wanted to take the two children with her. In March 1971, the appellee sought in this proceeding to restrain the appellant from taking the children to Guam or to reduce the child-support payments. By way of counter-relief, the appellant sought to change the visitation privileges of the appellee so that he might have the custody of the children during the months of July and August thereafter. She also asked the chancellor

for an order requiring the appellee to pay the travel expenses incident to returning the children to the United States and back to Guam.

After an oral hearing, the chancellor entered a judgment (1) authorizing the appellant to remove the children with her to Guam, (2) allowing the appellee to have the children with him in Kentucky three summer months out of each year, (3) reducing the child-support payments from $2,640 annually to $1,485, and (4) requiring the appellant to pay the travel expenses of returning the children to Kentucky and back to Guam.

Here again the court is confronted with another irreconcilable controversy resulting from a broken marriage which nearly always presents difficult questions. There is no contention on the part of the appellee that the chancellor abused a sound discretion in permitting the appellant to remove the children from the country. The right of a mother to remove children from the United States to South Africa, adjudged in the same judicial district from which the present appeal is prosecuted, was affirmed by this court in Byers v. Byers, Ky., 370 S.W.2d 193 (1963).

It is readily apparent to this court from the agreed facts in this case as briefly outlined above that the chancellor was faced with determining what should be done in a difficult situation. It appears to this court that the chancellor reached a fair and equitable result. We repeat here what this court has said over and over again in cases involving property rights between husband and wife by quoting what was written in Burke v. Burke, Ky., 416 S.W.2d 724, at page 726:

"In reviewing the analysis and disposition of complicated or numerous accounts it is not a practical function of this court to undertake a de novo and detailed analysis of its own. We can look only to the extent necessary for a determination of whether manifest injustice has occurred. If the over-all result does not seem clearly erroneous, we are not disposed to pick it apart and adjust the particular pieces that may be. Were we to do so in this instance, the final result would not be far different from what the chancellor decided. We hold that his findings were not clearly erroneous."

The rule applies equally in complicated custody cases.

We find no abuse of discretion with respect to any part of the judgment and therefore affirm it in its entirety. CR 52.01.

All concur.